MANNEY v. CURTISS et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. MUNICIPAL CORPORATIONS—DEFECT IN STREET—INJURIES TO PEDESTRIAN—LIABILITY OF PERSON CAUSING DEFECT.

Defendant's servant, after having delivered a load of coal through a hole in a sidewalk, failed to cover the hole, in violation of a city ordinance requiring such an opening in the sidewalk, while the covering was removed, to be inclosed with a strong box or curb at least 12 inches high. The opening was not protected, nor was there anything calculated to warn plaintiff of his peril. The night was dark and rainy, and plaintiff fell into the hole as he approached on the sidewalk with an umbrella over his head. *Held*, that such facts were sufficient to establish negligence of defendant.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1688.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff, being entitled to assume that the sidewalk was safe, was not guilty of contributory negligence in failing to give attention to the sidewalk in front of him.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1678.]

Appeal from Trial Term, Kings County.

Action by Harry A. Manney against Grove D. Curtiss and others. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendants Grove D. Curtiss and Walter F. Blaisdell appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

John C. Robinson, for appellants.
Lyman A. Spalding, for respondent.

HIRSCHBERG, P. J. The appellants were engaged in delivering coal on the evening of October 8, 1900, at a building on the northwest corner of Broadway and Chambers street in the borough of Manhattan. In making the delivery, their driver had backed a wagon to the curb on the north side of Chambers street, some distance west of the

Broadway line, and had taken the cover from a coal hole in the sidewalk, through which hole the delivery was made. The plaintiff was injured by falling into the hole, and his recovery is for damages thereby sustained. While the main question of negligence was sharply contested, the jury, adopting the plaintiff's theory or version of the occurrence, was clearly justified in rendering the verdict.

On the plaintiff's showing, it would seem that shortly before the accident all the coal had been dumped from the cart through the coal hole, but the hole was still left uncovered and unguarded. There was no light in the vicinity which would serve to indicate the existence and location of the hole to a pedestrian. The night was dark, drizzly, and rainy, with wind blowing from the eastward. The plaintiff was walking easterly, with an umbrella over his head slightly tilted to the front. There was no coal loose around the opening, or anything else calculated to warn the plaintiff of his peril. An ordinance of the city required the opening in the sidewalk, while the covering was removed, to be inclosed with a strong box or curb at least 12 inches high, and it was undisputed that no such protection had been afforded at the time in question. The appellant's driver appears at the time of the accident to have been sitting on the curb a few feet west of the cart. In the circumstances stated, it is quite apparent that the appellants were guilty of negligence, while the plaintiff could well be held to have been entirely free from blame.

In a somewhat similar case, that of Jennings v. Van Schaick, 108 N. Y. 530, 531, 15 N. E. 424, 425, 2 Am. St. Rep. 459, the court said:

"The plaintiff fell into an open coal hole, left uncovered and unguarded in a crowded city street. She had a right to assume the safety of the sidewalk, and so was not called upon to give attention to her steps, until in some manner warned of danger. Undoubtedly she knew that vaults and coal chutes were common under and adjoining the sidewalks, and that through the ordinary openings coal was deposited in such vaults. But she had a right to assume that they were securely covered, or, if left open, were guarded by some one to give warning, or by the crib or box prescribed by the city ordinance. Neither protection was provided in the present case."

And at page 533 of 108 N. Y., page 426 of 15 N. E. (2 Am. St. Rep. 459):

"If the opening is left unguarded, it becomes at once a trap and a nuisance. No consent to leave it open and unprotected can be possibly claimed; and so the act is a positive wrong on the part of the person or individual leaving it open, and without warning to the public, either by some one guarding it, or by a box or crib placed over it, as required by the city ordinance."

In Davenport v. Ruckman, 37 N. Y. 568, the court said (page 573):

"The streets and sidewalks are for the benefit of all conditions of people, and all have the right, in using them, to assume that they are in good condition, and to regulate their conduct upon that assumption. A person may walk or drive in the darkness of the night, relying upon the belief that the corporation has performed its duty, and that the street or the walk is in a safe condition. He walks by a faith justified by law, and if his faith is unfounded, and he suffers an injury, the party in fault must respond in damages."

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.