MICHAEL J. SHIELDS, Appellant, *v.* CONSOLIDATED GAS COMPANY OF NEW YORK, Respondent.

First Department, July 2, 1920.

Negligence — action to recover for injuries received by falling into excavation in street — failure to guard excavation — evidence presenting issue of fact with respect to defendant's negligence — plaintiff not guilty of contributory negligence as matter of law — use of street by pedestrian whose eyesight is defective.

In an action to recover for injuries caused by the plaintiff's falling into an excavation made by the defendant in a street near a crosswalk, it appeared that the accident happened at the noon hour while no one was working there; that at the time of the accident there was no one stationed to guard the excavation or to warn pedestrians, and that the defendant failed to erect such a fence or railing about the excavation as would prevent danger to persons traveling the streets while the work was left exposed, as required by the Code of Ordinances of the City of New York.

*Held*, on all the evidence, that an issue of fact was presented with respect to the defendant's negligence.

*Held, further*, that it cannot be said, as a matter of law, that the plaintiff, who was an old man and partially blind and not able to see distinctly, was guilty of contributory negligence.

One who is blind or whose eyesight is impaired is not thereby deprived of the right to use the public highways, and in venturing upon them he does not do so at his peril, but he is bound in so doing to exercise only the care and caution that a person of ordinary prudence who is blind or whose eyesight is so impaired would exercise under the circumstances.

APPEAL by the plaintiff, Michael J. Shields, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of January, 1920, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*W. H. Dannat Pell* of counsel [*Thomas J. Whalen,* attorney], for the appellant.

*Chauncey B. Garver* of counsel [*Shearman & Sterling,* attorneys], for the respondent.

LAUGHLIN, J.:

This is an action for damages for personal injuries alleged to have been caused by the negligence of the defendant by leaving open and unguarded an excavation in Columbus avenue near the curb at the northwesterly corner of One Hundred and First street in the line or partly on the line of the northerly crosswalk of One Hundred and First street over Columbus avenue into which plaintiff on the 2d day of October, 1916, fell. Some days prior to the time of the accident a construction company was engaged in excavating a trench on the westerly side of Columbus avenue between the westerly street car track therein and the westerly curb from One Hundredth street north to One Hundred and Tenth street for the purpose of laying a twenty-inch water main and in making excavations to the curb for the purpose of inserting " roundabouts " connecting the new main with the existing twelve-inch main near the curb. The work was commenced at the southerly end at One Hundredth street and at the time of the accident the construction company had excavated the main trench about to the southerly line of said northerly crosswalk of One Hundred and First street and had made some excavations at intervals northerly of said crosswalk but had not constructed a continuous trench to the north thereof. Immediately south of said northerly crosswalk the street had been excavated by the construction company to a depth of about six feet and the surface dimensions of the excavation at that point were about eight by twelve feet and the excavation had been filled in up to the level of the gas pipes of the defendant and was then turned over to the defendant, which took charge thereof a few days before the accident. When the defendant thus took charge of the excavation there was a small pile of earth thrown up on the east and west sides of the excavation and on the north side or end at the crosswalk. Defendant thereupon continued the excavation and for that purpose removed the whole or a part of the bluestone cross-

walk leaving dirt piled up on the east, south and west edges of the excavation but not at the northerly end thereof. At the time of the accident there were four small iron posts or pipes about four feet high standing around the excavation with hooks for hanging lanterns thereon at night, but there was no rope or other barrier between them, and the northerly side of the excavation was wholly unprotected. It was conceded that the defendant was engaged in making the excavation at this point at the time of the accident; but the accident happened at the noon hour and no one was working there and at the time of the accident there was no one stationed to guard the excavation or to warn pedestrians. Section 3 of article 1 of chapter 23 of the Code of Ordinances (Cosby's Code of Ordinances [Anno. 1917], p. 470; Id. [Anno. 1920] p. 470) required that the person making such an excavation should erect such a fence or railing about it as should prevent danger to persons traveling the street while the work was left exposed and would be dangerous and that such a fence or railing should be continued and maintained until the work should be completed or the obstruction or danger removed, and the ordinance specifically prescribes how this shall be done. The evidence shows that immediately to the north of the excavation and on the line or partly on the line where the former crosswalk was, a crossing four or five feet in width had been left for the use of pedestrians and that on this crossing and connecting the excavation in question with another excavation about four or five feet to the north, one or more boards or planks had been laid. Plaintiff in attempting to use this crossing fell southerly into the unguarded northerly end or side of this excavation. In view of the fact that the defendant had charge of the excavation and had made the excavation at the point where the plaintiff met with the accident and failed to perform the duty enjoined upon it by the ordinance with respect to erecting a barrier around the excavation and left the crosswalk open for the use of pedestrians and failed to station any one to warn pedestrians, it is quite clear, I think, that the evidence presented an issue of fact with respect to the defendant's negligence.

Plaintiff was an old man and resided on the easterly side of Columbus avenue in about the middle of the block between

One Hundred and First and One Hundred and Second streets. He was a peddler engaged in selling household supplies from door to door. His testimony shows that his eyesight was impaired and indicates that he had wholly lost the sight of one eye and that at a distance of fifteen feet he could only see the outlines of objects or people but could not see them distinctly or at that distance recognize people whom he knew well and that he always carried a cane and used it to feel his way whenever he anticipated difficulty. He testified that it was a bright day and that he left his home shortly after noon and crossed Columbus avenue diagonally on his way to a meat market at 115 West One Hundred and First street, which was on the north side of One Hundred and First street and west of Columbus avenue; that he was returning easterly on the northerly sidewalk of One Hundred and First street and stepped off the curb into Columbus avenue about two and one-half feet south of the lamppost, which other evidence shows was at the westerly curb of Columbus avenue about on the building line of One Hundred and First street, and that he fell into this excavation; that he knew that excavations had been made in Columbus avenue to the south of the crosswalk and had seen the dirt piled up on either side of the trench which he located as being near the car track; that he was not aware that the excavation extended into the crosswalk or that there was any excavation near the curb and that he thought he was stepping off onto the crosswalk when he stepped into the hole and that he did not use his cane to feel his way in front of him; that in going to the meat market he did not notice this excavation or that excavating work was being done in that vicinity and that when he attempted to use the crosswalk, he thought the way was clear. There is a conflict in the evidence with respect to whether the crosswalk as it existed at the time of the accident was south or north of the lamppost and with respect to whether plaintiff stepped off the curb to the north or the south of the lamppost; but there is testimony corroborating plaintiff to the effect that the crosswalk as it existed was southerly of the lamppost and that he passed south of the lamppost. Other evidence in the case tends to show that the point where the plaintiff fell was about two feet out from the curb and about on the northerly line of One

Hundred and First street and that he fell to his right into the unguarded opening; and one witness says that the plaintiff tripped on a board at the foot of the westerly dirt embankment at the north end of the excavation while he was apparently attempting to use the crosswalk. I am of the opinion that it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence. It is well settled that one who is blind or whose eyesight is impaired is not thereby deprived of the right to use the public highways and that in venturing onto them he does not do so at his peril. He is only bound in so doing to exercise the care and caution that a person of ordinary prudence who is blind or whose eyesight is so impaired would have exercised under the circumstances; and the principle is the same as that applicable to the use of a street by persons with unimpaired eyesight but whose sight is of no avail owing to darkness or is materially affected thereby and such a person in the exercise of his right to use the public highways is justified in assuming, if he does not possess knowledge to the contrary, that the public streets are reasonably safe for travel and that if an excavation has been made therein, it will be guarded or that pedestrians will in some manner be protected from danger therefrom. (*Harris* v. *Uebelhoer*, 75 N. Y. 169; *Lortz* v. *N. Y. C. & H. R. R. R. Co.*, 7 App. Div. 515; *Jennings* v. *Van Schaick*, 108 N. Y. 530; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464; *Manney* v. *Curtis*, 113 App. Div. 421.) This being the rule of law, it cannot be held as matter of law that the plaintiff was guilty of contributory negligence.

I am of opinion, therefore, that both questions of negligence were for the jury and that the court erred in nonsuiting the plaintiff. It follows that the order and judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.