## (April 18, 1946.)

EMMA WIELAND, as Administratrix of the Estate of AUGUST WIELAND, Deceased, Appellant, *v.* THIRD AVENUE TRANSIT CORPORATION, Respondent.

*Per Curiam.* The evidence presented by the plaintiff was insufficient to sustain the verdict. Assuming that the evidence was sufficient to justify an inference that deceased was struck by a trolley car, it is not sufficient to justify a further inference that the contact was due to negligence of the operator of the car. The suggestion is made that the deceased was crossing the street from west to east, was struck on his right side by a northbound trolley; therefore, he must have crossed in front of the trolley and the operator was negligent in not seeing him. While deceased must have undertaken an east crossing shortly before the accident, there is no indication as to the direction in which he was moving at the time of the accident, except such inference as may be drawn,

from the nature of his injuries, as to the side on which he was struck. While an opinion cannot be formed with conclusiveness from the evidence of injuries in this case, an analysis of the injuries indicates that deceased was struck on his left side and fell on his right side. If that be true, the hypotheses of liability are negatived. At least, the evidence lacks the inferential qualities necessary to sustain the verdict.

The order setting aside the verdict and dismissing the complaint and the judgment entered thereon should be affirmed, with costs.

CALLAHAN, J. (dissenting). Plaintiff established that on the evening of December 7, 1942, plaintiff's intestate left his store on the west side of Webster Avenue near Alden Place to go to a meeting. A few minutes later he was found lying injured at a point three feet east of the easterly rail of the northbound car tracks, and ten feet south of the crosswalk. His hat was further to the east.

A witness testified that as he was entering his house on the east side of Webster Avenue just south of Alden Place he heard a loud thump. He looked in the direction from which the sound came, and saw the body of plaintiff's intestate at the point indicated. A northbound trolley car, which was the only moving vehicle in the vicinity, was then twenty-six to twenty-eight feet north of the body, and it continued to move on without stopping. No gong had been sounded.

Plaintiff's intestate was found suffering from multiple grievous injuries, the nature and location of which were given to the jury in detail. Concededly, these injuries could have been produced by being struck by a trolley car, and, concededly, he died from them.

This evidence, though circumstantial, was sufficient, in my opinion, to permit the jury to find that plaintiff's intestate, while proceeding from west to east, had been struck by the front end of the northbound trolley car when he had almost completed crossing the tracks, and that his body was thrown in an easterly direction. There was evidence from which the jury could find that the car was traveling with considerable speed for it had covered its length plus twenty-eight feet in the short time it took for the witness to look in the direction from which the sound had emanated. No warning signal had been sounded, and the car failed to stop after the collision. The nature of the injuries established that deceased had been struck with great force by a heavy object, and from the location on his body and nature thereof the jury had the right to find that deceased had been struck on his right side.

Thus plaintiff had proved facts and conditions from which the negligence of defendant's motorman and the causation of the accident by that negligence might be reasonably and logically inferred by the jury. (*Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Warner* v. *New York, Ontario & Western Railway Co.,* 209 App. Div. 211.)

The order setting aside the verdict, and the judgment dismissing the complaint should be reversed, and the verdict of the jury reinstated.

Martin, P. J., Glennon and Peck, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents in opinion in which Townley, J., concurs.

Order and judgment affirmed, with costs.