Callahan, J.
On November 21, 1944, Louis Lowy was found grievously injured on the roadway of Roekaway Beach Boulevard near 96th Street, Roekaway Beach, Borough of Queens, New. York City. The boulevard runs east and west and is *239 intersected by 96th Street, running north and south. Lowy’s home was just south of the boulevard. The Long Island Rail Road station is north of the boulevard. The accident happened about 6 p.m., the hour when Lowy customarily arrived home. ■He worked in the Borough of Manhattan and came down to Rockaway Beach on the Long Island Rail Road on the same train each evening. His body was found about ten feet east of the easterly curb of 96th Street and one foot north of the southerly curb of the boulevard. Defendant’s car was standing in the roadway of the boulevard facing east so that its rear end was about even with the easterly building line of 96th Street. It is conceded that it was being operated by defendant’s son and with his permission. The front right headlight, the bulb therein, and the front right fender light of defendant’s automobile were broken, and glass was scattered on the roadbed. There was a heavy driving rain at the time of the accident and visibility was poor. There were street lights over head but no traffic lights. A police officer examining defendant’s car found the windshield wiper on the left side to be out of order. Lowy was taken to a hospital. He was suffering from traumatic shock, his chest was crushed, and he had a fracture of the fifth thoracic vertebrae. He died within an hour.
The foregoing facts were either undisputed or were sufficiently established by direct evidence. ,
Defendant rested at the close of plaintiff’s case without offering any evidence in his own behalf.
The trial judge submitted the issues to the jury after reserving decision on a motion to dismiss. After the jury disagreed, a verdict dismissing the complaint was directed. f
It appears to be conceded that the proof was sufficient to establish prima facie that deceased had been struck by defendant’s car and had suffered fatal injuries due to the collision. The burden of proving the contributory negligence of deceased was on defendant. The principal dispute is whether there were sufficient facts established from which a jury would be warranted in finding negligence on the part of defendant’s driver."
The hour of the accident, the surrounding conditions, the testimony as to Lowy’s habits, the position of his body and the vehicle on the roadway, the damage to the front right end of the car, and the injuries suffered by deceased would warrant a finding that he was struck a severe blow by the front right part of the automobile, while he was proceeding from the railroad station to his home and while the auto *240 mobile was moving in an easterly direction. This meant that Lowy had crossed the major part of the boulevard, while traveling from north to south, before he was struck. The street was straight and Lowy should have been within the vision of defendant’s driver at least while he was passing from the driver’s left to the right side of the car. Driving an automobile on a night such as the one described without the aid of a windshield wiper would interfere with the driver’s vision and would be a proper basis for a finding of negligence by a jury (Trieber v. New York & Queens County Railway Co., 134 App. Div. 661, affd. 201 N. Y. 520). This inference of negligence would be based on known facts or facts established by sufficient evidence so as not to remain uncertain, speculative, or amount to mere surmise or conjecture. Such inference would not be one resting solely on inference. It was error to direct a verdict in defendant’s favor under the circumstances (Ingersoll v. Liberty Bank of Buffalo, 278 N. Y. 1; Allen v. Stokes, 260 App. Div. 600). This case differs from Wieland v. Third Ave. Transit Corp. (270 App. Div. 885) in that here an actual collision between the vehicle and the injured person was established.
The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Cohn, Peck and Van Voorhis, JJ., concur; Martin, P. J., dissents and votes to affirm.
Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.