ARNOLD JOHNSON, Respondent, v. JACK M. GUSSOW et al., Appellants.— Defendants appeal from a judgment, entered on an order which directed that the answer of defendants be struck out for the reason that it was sham and that defendants have no meritorius defense to plaintiff's causes of action. Order and judgment of the County Court, Nassau County, reversed on the law, with $10 costs and disbursements, and the motion denied, without costs. The affidavits submitted by defendants in opposition to the motion raise issues which require a trial. On this record, it cannot be said as a matter of law that defendants defaulted in the performance of the obligations assumed by them under the agreement between the parties. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

■

LUCIA LOTITO, Appellant, v. CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff when she fell because of an alleged defective condition of a sidewalk, plaintiff appeals from a judgment in favor of the defendant. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. During the plaintiff's case, counsel attempted to show that his client was suffering from defective vision at the time of the accident. Such proof was proper at that time on the question of the contributory negligence of the plaintiff, but the court sustained an objection thereto. This was prejudicial error. (*Shields* v. *Consolidated Gas Co.*, 193 App. Div. 86.) Further, it was error to charge, in effect, that no liability could be cast upon the city unless the hole or defect in the street was at least four inches deep. (*Loughran* v. *City of New York*, 298 N. Y. 320.) Carswell, Johnston, Sneed and Wenzel, JJ., concur; Nolan, P. J., concurs in the result.

■

GEORGE M. NOBLE et al., as Temporary Administrators of the Estate of BARBARA NOBLE, Deceased, Appellants, v. DAVID HARNICK et al., Copartners Doing Business as SUPERIOR BEER DISTRIBUTORS, et al., Respondents.— In an action to recover damages for the alleged wrongful death of plaintiffs' intestate, judgment dismissing the complaint at the close of plaintiffs' case unanimously affirmed, with costs. Appellants' evidence adduced upon the trial of this action, based upon an unwitnessed fatal accident, is at best as consistent with the absence of any wrongful act upon the part of respondents contributing thereto as with its presence. (*Wieland* v. *Third Ave. Tr. Corp.*, 270 App. Div. 885, affd. 296 N. Y. 1047; *Lamb* v. *Union Ry. Co.*, 195 N. Y. 260, 266; *Digelormo* v. *Weil*, 260 N. Y. 192, 200.) Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.