■ LILLIAN KAPLAN, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment for defendant-respondent City of New York pursuant to a jury verdict against plaintiff-appellant, in an action for personal injuries sustained in a fall on an allegedly defective sidewalk, unanimously reversed on the law, and a new trial ordered, with $50 costs and disbursements to abide the event. While the accusations made by plaintiff's counsel were without sufficient legal basis and were therefore provocative, the Trial Justice's charge exceeded proper limits in commenting on those accusations. Moreover, it was error to charge that courts have held that depressions in the sidewalk amounting " at its greater variance to two and three-quarters of an inch, or to three inches, even if poorly lighted, or obstructed by shadows, does not constitute negligent maintenance of a sidewalk by the municipality. The fact that the edge of the concrete slab of the sidewalk was raised two to three inches higher than the adjoining slab proves no actionable negligence." (*Loughran* v. *City of New York*, 298 N. Y. 320; *Carbin* v. *City of New York*, 276 App. Div. 980, affd. 301 N. Y. 646; *Lotito* v. *City of New York*, 278 App. Div. 581; Anno: Sidewalk Defect — Question for Jury, 37 ALR 2d 1187.) The charge, in effect, was a direction for a verdict, and the record does not warrant a direction. Appeal from order entered May 28, 1965 unanimously dismissed, as academic, without costs and without disbursements. No opinion. Concur — Botein, P. J., Breitel, McNally and Eager, JJ.

■ JOHN E. BARRY, Respondent, v. READY REFERENCE PUBLISHING CO., INC., Appellant.— Order, entered September 9, 1965, unanimously reversed, on the law, without costs and disbursements to any party, and motion to strike defenses and counterclaims denied, without costs. Under the circumstances, the striking of the defendant's alleged defenses and counterclaims, without a determination on the merits, tends to defeat the proper purpose of this declaratory judgment action, namely, the complete and final settlement of the rights and legal relations of the parties with respect to the matters in controversy. " The pleadings in a declaratory judgment action are to be liberally construed to effectuate the manifest purpose of the declaratory statute " (1 Anderson, Declaratory Judgments, § 259, p. 610), and the statements in defendant's pleading are " sufficiently particular to give the court and parties notice of the transactions, occurrences or series of transactions or occurrences, intended to be proved " by the defendant " and the material elements of " defendant's alleged defenses and counterclaims. (CPLR 3013.) We noted that, in addition to challenging the sufficiency of the defendant's pleading, the plaintiff's motion to dismiss purported also to be addressed to the alleged lack of merit of its defenses and counterclaims. But the plaintiff's affidavits, directed chiefly to the support of the allegations of his own complaint, lack adequate factual showing bearing on the merits of defendant's alleged defenses and counterclaims; and, on the record here, it appears that the defenses and counterclaims should not have been dismissed as a matter of law. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.