LOTTIE G. DIMON, as Administratrix of HENRY G. DIMON, Deceased, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, Impleaded with Others.

(Submitted February 9, 1903; decided February 17, 1903.)

MOTION for reargument. (See 173 N. Y. 356.)

*John F. Brennan* and *Charles C. Paulding* for appellant.

*C. H. & J. A. Young* for respondent.

BARTLETT, J. This is a motion made by the defendant company for reargument on two grounds:

(1) That the objections and exceptions relied upon by defendant for reversal specifically pointed out the language deemed objectionable; (2) that the rule laid down relating to the summing up of counsel in *Williams* v. *Brooklyn El. R. R. Co.* (126 N. Y. 96, 103) was strictly followed and that this court in considering the appeal overlooked that fact.

There was but one question presented to us on this appeal, as we could not consider the amount of damages, to wit: Whether the record contained exceptions authorizing us to examine the summing up of plaintiff's counsel and pass upon the propriety of certain portions criticized by the defendant.

In the opinion we stated generally that the record disclosed no proper exceptions raising this point, and also laid down the rule of practice when objection is sought to be made to the summing up of counsel.

There is nothing in this rule inconsistent with the decision of *Williams* v. *Brooklyn El. R. R. Co.* (*supra*).

After the plaintiff's counsel had been addressing the jury for some little time, the defendant's counsel said : " I note on the record an exception to these remarks."

At this point there was no objection, no ruling of the court and no indication of the particular language objected to.

The plaintiff's counsel continued his summing up for several minutes, when defendant's counsel said : " I object to all this and except as going outside of the record. The address of Mr. Crennan is no doubt very eloquent, but I wish to note an objection and an exception to it. We have a record here of his remarks." The court: " Very well."

At this point it was the address that was objected to and exception taken. It is not claimed by defendant's counsel that the entire address was improper, as only certain portions of it were pointed out in the brief.

The plaintiff's counsel then resumed his address to the jury and, after three or four sentences, the defendant's counsel said, interrupting: " I take an exception to that as well. If the court so wishes, we will not interrupt further, but take our other exceptions at the close of the summing up." The court : " Yes."

There was no objection at this point and no ruling of the court.

At the close of the summing up, the court said : " Now, Mr. Brennan," evidently calling the attention of the defendant's counsel to his suggestion that he would take his other exceptions at this point, whereupon the defendant's counsel said : " We object to the reference of visiting the tomb and the future immortality of the jury if they will only accede to the request of counsel for the plaintiff, and the reference to the prayers here of the children, as appealing entirely to passion and prejudice and not being within the lines of the law on which this case should be tried."

The court made no ruling on this objection, nor was there any exception taken.

There can be no examination by the court of the summing up of counsel unless the language objected to is definitely

pointed out by objection, a ruling of the court made thereon and exception taken. (*Crumpton* v. *United States*, 138 U. S. 361.)

The motion for reargument should be denied, with ten dollars costs.

PARKER, Ch. J., HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur; GRAY, J., not sitting.

Motion denied.