Joseph A. Suozzi, J.
At the end of the plaintiff’s case the defendant moved for a dismissal of both causes of action, and the plaintiff moved for a directed verdict on the second cause of action. After hearing extended argument the court dismissed the first cause of action, which was grounded on common-law negligence, and reserved decision on the second cause of action, which relied on section 205-a of the General Municipal Law. Thereupon the defendant rested and renewed its motion to dismiss the second cause of action, and the plaintiff renewed his motion for a directed verdict.
The court reserved decision on all trial motions, and submitted to the jury two special findings of fact and directed the jury to assess damages. The jury fixed damages in the amount of $18,000. This memorandum is for the purpose of passing upon these motions and the rendition of an appropriate general verdict.
In one of the special findings of fact the jury found that the bonfire which had been started by the defendant was one which “may endanger other property”, and was therefore in violation of article 10 of the Fire Prevention Ordinance enacted by the Board of Supervisors of Nassau County. In the second special finding the jury found that the matter or debris which was piled and burned was garbage or refuse, and therefore its burning was in violation of section 4 of the Smoke Ordinance of the Town of Hempstead. The defendant also violated section 5 of the aforesaid Smoke Ordinance by the burning of combus *833 tibie materials on private premises without obtaining a permit as provided for in the aforesaid section.
On the basis of these three violations the court finds and rules that the plaintiff has a right to compensation for his injuries under section 205-a of the General Municipal Law. That statute provides for a recovery by a fireman “ in the event any accident, causing injury * * * occurs directly or indirectly as a result” of the violation of an ordinance. The plaintiff need not prove freedom from contributory negligence, nor is assumption of risk a defense (Nykanen v. City of New York, 14 N Y 2d 697). Nor is it necessary in an action of this kind — where there is absolute liability not based on negligence — to show " ‘ the same degree of proximate causal connection which we are accustomed to require in the field of negligence ” (Daggett v. Keshner, 284 App. Div. 733, 736).
Here, the defendant started a fire which was in violation of three separate provisions of law. The injuries sustained by the plaintiff in fighting this fire were indirectly caused by the violation of these provisions, and for this the plaintiff is entitled to reasonable compensation.
A general verdict, however, in the amount of $18,000 will not be directed because the court finds the special verdict of $18,000 to be excessive. Accordingly, the court, on the defendant’s motion, will set aside this special verdict and order a new trial confined to the question of damages alone, unless within 15 days after the date of this memorandum the plaintiff stipulates to accept $10,000. If the plaintiff so stipulates, the defendant’s motion will be denied and a judgment for the amount of $10,000 may be entered.