■ ERNEST CARROLL, Respondent-Appellant, v. ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, Defendant, and PELLICIO BROS., INC., Appellant-Respondent. (And a Third-Party action.) — In an action to recover damages for personal injury, two of the parties cross-appeal as follows from an order of the Supreme Court, Nassau County, entered December 23, 1964, after a jury trial: (1) Defendant Pellicio Bros., Inc. (hereafter referred to as defendant), appeals from so much of the order as (a) denied its motion to dismiss the second cause of action, (b) granted plaintiff's motion for a directed verdict on said cause of action and (c) set the action down for a new trial to be confined to the question of damages alone. (2) Plaintiff appeals from so much of said order as (a) set aside as excessive the jury verdict of $18,000 in his favor and (b) ordered the new trial. On defendant's appeal, order affirmed, insofar as appealed from and insofar as it denied defendant's motion to dismiss the second cause of action and granted plaintiff's motion for a directed verdict thereon, without costs. Appeal from that portion of the order directing a new trial on the question of damages dismissed, without costs as academic, in view of the determination on plaintiff's appeal. On plaintiff's appeal, order reversed, insofar as appealed from, on the law and the facts, with costs, verdict reinstated and matter remitted for the entry of judgment in plaintiff's favor accordingly. Plaintiff, a volunteer fireman, 35 years of age at the time of the accident, was injured while fighting a fire in a pile of debris resulting from the demolition of a building. The building had been demolished, and the fire deliberately set, by defendant. Plaintiff's injuries were sustained when the rubble on which he was standing gave way beneath him and he fell into a hole. Two causes of action were pleaded: the first alleged common-law negligence; the second was based on section 205-a of the General Municipal Law. The first cause of action was dismissed by the trial court and is not involved on

this appeal. The basis of the second cause of action was the alleged violation by defendant of three separate provisions of the local ordinances respecting fires. The first was section 10.0 of article X of the Nassau County Fire Prevention Ordinance, which prohibited any bonfire or open fire "where such fire may endanger other property". The second was section 4 of the Smoke Ordinance of the Town of Hempstead (Ordinance No. 33), which made unlawful the burning of "any garbage or refuse" within the town. The third was section 5 of the Smoke Ordinance, which prohibited the burning of any trash, lumber or other combustible material "except in a metal incinerator or container without the written permission of the Building Inspector" of the town. Concededly, defendant obtained no permission for the setting of the fire. At the close of the case, the trial court reserved decision on defendant's motion to dismiss the second cause of action and on motions by both parties for a directed verdict, and submitted three questions to the jury. The first was whether the fire was one that "may endanger other property." The second was whether the matter or debris that was burned was refuse or garbage within the purview of section 4 of the Smoke Ordinance. The third was the amount of plaintiff's damages. The jury answered the first two questions in the affirmative and assessed the damages at $18,000. On the basis of the jury's findings and the admitted violation of section 5 of the Smoke Ordinance, the court held that plaintiff had a right to compensation under section 205-a of the General Municipal Law, but that the verdict was excessive. On plaintiff's refusal to stipulate to a reduction to $10,000, the verdict was set aside and a new trial was ordered, limited to damages. The record supports the jury's finding that the fire was one which "may endanger other property"; it was, therefore, set by defendant in violation of the Nassau County Fire Prevention Ordinance. In our opinion, the accident causing plaintiff's injury occurred "directly or indirectly as a result" of that violation, as well as of the conceded violation of section 5 of the Smoke Ordinance, within the meaning of section 205-a of the General Municipal Law; and liability was properly predicated upon that statute (cf. *Sicolo* v. *Prudential Sav. Bank,* 5 N Y 2d 254, 257; *Daggett* v. *Keshner,* 284 App. Div. 733, 738). We find it unnecessary, therefore, to determine whether defendant also violated section 4 of the Smoke Ordinance, prohibiting the burning of "garbage or refuse." We are also of the opinion that the verdict of $18,000 was not excessive. The uncontradicted medical proof indicated that plaintiff's right knee was injured, requiring an operation for the removal of a damaged cartilage and that there was a degree of permanent weakness in the knee. The special damages, including $3,300 for loss of salary for the six months' period that plaintiff did not work, exceeded $4,000. On the record presented, the verdict is not so excessive as to shock the conscience (cf. *Banks* v. *Begell,* 1 A D 2d 726, affd. 2 N Y 2d 736). Defendant was not entitled to a diminution in damages by reason of the fact that plaintiff received sick leave and vacation benefits, equal to his salary, for the period that he did not work (cf. *Healy* v. *Rennert,* 9 N Y 2d 202; *D'Amico* v. *Resnik,* 22 Misc 2d 545). We find no abuse of discretion by the trial court in permitting plaintiff's counsel to use a blackboard or chart during his summation (*Haley* v. *Hockey,* 199 Misc. 512; and see annotation, 86 ALR 2d 242 *et seq.*). Defendant raised no objection to the argument of plaintiff's counsel, on summation, with respect to the amount of damages which should be awarded plaintiff; and the question of whether that argument improperly invoked the "unit-of-time" basis for appraising damages for pain and suffering (see *Paley* v. *Brust,* 21 A D 2d 758) is not, therefore, open for review (cf. *Dimon* v. *New York Cent. & Hudson R. R. R. Co.,* 173 N. Y. 356, mot. for rearg. den. 173 N. Y. 635). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.