Samuel A. Welcome, J.
The plaintiff, Joseph Mazelis, moved this court subsequent to the jury’s verdict for an order pursuant to section 205-a of the General Municipal Law directing the entry of judgment in favor of the said plaintiff against the defendant Pauline Waller stein in the sum of $1,000.
The facts insofar as they are pertinent to this application are:
1. Plaintiff Joseph Mazelis, a New York City fireman was seriously injured on November 11,1970 when a wall of a building known as 1223 Broadway, Brooklyn, New York collapsed on him during a fire.
2. The said building had been owned for approximately 25 years by the defendants Waller stein and had been vacant and abandoned for more than a year prior to the date of the accident.
3. On March 31,1970 a New York City Buildings Department inspector reported to the Borough Superintendent that the building was vacant, open, leaning and out of plumb with the rear section and second tier of beams showing evidence of deterioration and the rear wall had shifted about two to three feet towards the street.
4. The owners were notified personally on July 7, 1970.
5. A survey was ordered on July 21, 1970.
6. On August 14,1970, a 48-hour notice was sent to the owners to demolish the building.
7. On June 2,1970, a priority demolition was requested by the Buildings Department inspector.
8. On August 18, 1970, court directed City of New York to demolish building forthwith.
9. City retained a firm to demolish the building but nothing further was done until after the accident occurred.
The case was submitted to the jury on the common-law liability theory as against the defendants Pauline Waller stein and City of New York, and a verdict was directed by the court as to liability against the defendant Pauline Waller stein only under the authority of section 205-a of the General Municipal Law.
The jury found for plaintiff against both defendants on the common-law theory.
Thereafter, on the damages part of the trial the jury rendered a unanimous verdict for the plaintiff against both defendants in the sum of $250,000.
Section 205-a was not submitted to the jury for assessment of damages but was reserved for the court’s resolution.
*337 The questions that arose were the f ollowing:
1. Does section ¡205-a of the General Municipal Law create an additional cause of action for the purposes of liability and damages?
2. If so, are there two verdicts to be rendered or one general verdict?
3. Does the application of the principle of apportionment under the authority of Dole v. Dow Chem. Co (30 N Y 2d 143) apply where the jury renders verdicts on two theories but not against the same parties?
4. May the trial court reserve to it the assessment under section 205-a or should the jury be given both theories and instructed to render two verdicts or one general verdict?
5. Should judgment be entered in favor of the plaintiff against both defendants for the full $250,000, even though the jury apportioned their respective shares under Dole v. Dow?
Section 205-a of the General Municipal Law provides: “In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence or any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department, or to pay to the wife and children, or to pay to the parents, or to pay to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such 'Sums recovered in an action to be instituted by any person injured or the family or relatives of any person killed as aforesaid.”
A reading of the statute seems to indicate that the legislation intended an additional ¡right of action, and since the Legislature provided a minimum amount of $1,000 for personal injuries *338 and $5,000 for wrongful death, it would seem that the intent would be to create an additional amount of money.
A review of the case law has been unproductive in shedding any light on this particular problem because up to now there has been no case where the jury has found both common-law liability and statutory liability against the same defendant.
There has been no appellate decision squarely on point.
In Nykanen v. City of New York (14 N Y 2d 697, affg. 19 A D 2d 535), the city as owner of a dilapidated building was liable to a New York City fireman for failing to comply with the Administrative Code of City of New York. The city was let out under common law.
In Runkel v. City of New York (282 App. Div. 173 [decided before Dole v. Dow]) the city was held liable because a building became a ‘ ‘ trap or an ‘ inherently dangerous ’ instrumentality which is in the same class as an explosive * * * inflammable material, a live electric wire or a spring gun.” (This case is to be distinguished from Weiss v. Fote, 7 N Y 2d 579.)
In Carroll v. Roman Catholic Diocese of Rockville Centre (44 Misc 2d 832, affd. 26 A D 2d 552, affd. 19 N Y 2d 658), there was a jury verdict under section 205-a only.
Similarly, Daggett v. Keshner (284 App. Div. 733), where liability was sustained under the statutory cause of action when a policeman was killed in an explosion on premises during an illegal fire where defendants sold gasoline to others in cans in violation of the Administrative Code. (See, also, Amberg v. Kinley, 214 N. Y. 531; McMichael v. Regal Rug & Carpet Cleaning Co., 33 A D 2d 773.)
The case of Lyden v. Rasa (39 A D 2d 716) comes close to the face patterns of the case at bar. In that case the Appellate Division reversed the dismissal of a complaint and sent the case back for new trial where plaintiff, a Fire Department captain, was injured while inspecting a vacant building owned by the defendants (p. 717): “In dismissing the complaint, the trial court rejected the two theories upon which plaintiff sought recovery, viz., common-law negligence and section 205-a of the General Municipal Law. This was error. Where a complaint has been dismissed, the evidence must be considered in the light most favorable to the plaintiff and he is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence (Andersen v. Bee Line, 1 N Y 2d 169, 172). It is our view that plaintiff established sufficient evidence of defendants’ negligence and his own freedom from contribu *339 tory negligence to go to the jury. The fire escape was rusty— a condition which did not occur overnight; and the only reason plaintiff used the fire escape was because the regular entrance was completely inaccessible. It is true he noticed the rust before using the ladder, hut there was testimony that otherwise he £ couldn’t .see anything else wrong with it.’ As for the statutory cause of action, section '205-a is to be construed liberally, keeping in mind that it was the stated intention of the Legislature to create a cause of action in cases of the prescribed violations (i.e., failure to comply with the requirements of any statutes, ordinances, etc., of the Federal, State, county, village, town or city governments or of any of their departments) where otherwise there would be no right of recovery for a fireman’s injury (McGee v. Adams Paper & Twine Co., 26 A D 2d 186, 194-95, affd. 20 N Y 2d 921). Plaintiff does not have to establish freedom from contributory negligence in an action under section 205-a (see Nykanen v. City of New York, 14 N Y 2d 697). The alleged statutory violation at bar was of former section C26-298.1 of the New York City Administrative Code, which required that all fire escapes, unless of noncorrodible material, be painted and maintained in good condition and free from rust and corrosion. Again, this evidence, viewed most favorably to plaintiff, was sufficient to go to the jury under section 205-a (see, generally, Carroll v. Roman Catholic Diocese of Rockville Centre, 26 A D 2d 552, affd. 19 N Y 2d 658). Mtjndeb,, Acting P. J., Shapiro, Christ and Benjamín, JJ., concur; Mabtucello, J., concurs in result, with the following memorandum: I agree with the majority to the extent that it holds a new trial is required on plaintiff’s claim under section 205-a of the General Municipal Law, since contributory negligence is not a bar to recovery thereunder. Insofar as the majority holds that a new trial is required on the negligence cause of action, I disagree. The evidence clearly established that plaintiff used the drop ladder for a purpose it' was not intended for at a time when there was no emergency which required him to do so (Gaspar v. Ford Motor Co., 13 N Y 2d 104; Borshowsky v. Altman & Co., 280 App. Div. 599, affd. 306 N. Y. 798; Masciarelli v. Powell, 30 A D 2d 342, affd. 23 N Y 2d 929).” (See, also, McGee v. Adams Paper & Twine Co. [26 A D 2d 186].)
It is not necessary to cite authority for the proposition that Dole v. Dow applies to this ease on the common-law theory, since Wallerstein and the City of New York are codefendants, and cross claims become moot when apportionment is made by the jury on the common-law cause of action.
*340 The court should have the right under these unique circumstances not to confuse the jury with assessment of damages on two theories, but to reserve to it the right to sever the causes either for subsequent submission after the common-law damages have been assessed or to allocate damages sua sponte in the interest of justice.
It happens in this case that in the court’s opinion $250,000 is adequate and any amount over a de minimis increment would have been set aside as excessive. Therefore, the court directs the entry of judgment under section 205-a of the General Municipal Law in the minimum amount of $1,000 as therein provided, and grants plaintiffs’ motion to that extent.
There seems little dispute that, as to plaintiff on the common-law action, the jury intended that.his recovery should be $250,-000 as against both defendants and that as between the codefendants their responsibility would be 55% as to Waller stein and 45% as to the City of New York; therefore plaintiff may collect against both or one for the full amount, and to the extent one defendant pays more than his share, she or it has an action over and to the extent of the overpayment.