WILLIAM ANDREACCIO, Appellant-Respondent, v UNIQUE PARKING CORP. et al., Defendants, ACME SPRINKLER CORPORATION, Respondent-Appellant, and ASSOCIATED WRECKERS, INC., Respondent. (And a Third-Party Action.)

First Department, July 12, 1990

### APPEARANCES OF COUNSEL

*Dominick F. Callo, P. C.,* for appellant-respondent.

*Joseph Martin Carasso* of counsel *(Kevin L. Kelly,* attorney), for respondent-appellant.

### OPINION OF THE COURT

ELLERIN, J.

On this appeal we are called upon to determine whether General Municipal Law § 205-a, which affords to firefighters a statutorily created right of action for injuries suffered while combatting fires, may be asserted against nonowners of the premises on which the particular fire occurred, when those nonowners are charged with having violated some statute, ordinance or rule respecting the maintenance and safety of the premises in question.

Plaintiff, a New York City firefighter, instituted this action to recover for personal injuries sustained while fighting a fire at a parking garage located at 41-47 East 21st Street. The complaint alleges two causes of action, one sounding in common-law negligence and the other based on General Municipal Law § 205-a, against various parties associated with the premises. The two defendants at issue on this appeal are Associated Wreckers, Inc. and Acme Sprinkler Corporation. Associated is a demolition firm retained by the owner of the garage premises, defendant 22 Park South Co., to perform demolition activity on the adjacent property, also owned by 22 Park South, which required the use of an acetelyne torch to cut pipes containing electrical lines running through the wall

abutting the garage premises where the fire occurred. Acme, which was engaged in the automatic sprinkler business, was under an agreement with defendant Unique Parking Corp., the operator of the garage, to maintain and periodically inspect the automatic sprinkler system at the garage premises.

The IAS court dismissed the cause of action based on General Municipal Law § 205-a against both Associated and Acme because it found that "[t]he scope of GML § 205-a is limited to property owners and those in control of the property involved in the firefighting operation".

■ Contrary to the conclusion of the IAS court, we find, within the factual context of this case, that the remedial intent and purpose of General Municipal Law § 205-a extend its reach to those in the position of defendants Associated and Acme.

Under the common-law "fireman's rule", firefighters were held to have assumed the risks of their profession and were denied recovery for injuries sustained while fighting fires even though the owner or other persons in control of the premises on which the fire occurred negligently created the condition that caused the accident. To alleviate the harsh result of this rule, General Municipal Law § 205-a was enacted, in 1935, with the intention of creating a cause of action where otherwise there would be no right of recovery for the injury or death of a firefighter, such liability being predicated upon a failure to comply with the requirements of some statute, ordinance or rule relating to the maintenance and safety of the premises where the fire occurred. *(See, Kenavan v City of New York,* 70 NY2d 558; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921.)* The statute itself, insofar as here pertinent, provides: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured".

Although the statute speaks, seemingly without limitation, of liability based upon *any statutory violation* by *any person* that directly, or indirectly, results in the injury or death of a firefighter, judicial construction has imposed parameters. While some decisions sought to limit recovery under the statute to violations of only fire preventive provisions *(see, e.g., McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *supra; Kenavan v City of New York,* 120 AD2d 24, 33, *affd* 70 NY2d 558, *supra),* the Court of Appeals in *Kenavan (supra,* at 567) found such limitation unduly restrictive and, in dealing with the issue of the types of violations encompassed by section 205-a, held that it extended to violations of "some statute, ordinance, or rule respecting the maintenance and safety" *of the premises* where the fire causing the injury took place. (Emphasis added.)

In *Kenavan (supra),* firefighters, who had been injured in the course of extinguishing a fire that had ignited in a vehicle abandoned on the street, asserted an action under General Municipal Law § 205-a based upon violations of the Vehicle and Traffic Law and of the Administrative Code of the City of New York regarding the city's failure to remove the abandoned car from the roadway. In holding that violations of this type are not within the intended statutory scope of General Municipal Law § 205-a, the Court of Appeals concluded (at 566), based upon tracing that section's antecedent statutory origins, that the focus of section 205-a is directed "to property owners and the maintenance of premises in a safe condition for firefighters" including among the citations for that proposition this court's decision in *Gerhart v City of New York* (56 AD2d 790, *lv denied* 42 NY2d 810).

In *Gerhart (supra),* recovery was sought under section 205-a for injuries sustained by a fireman who had been injured while en route to a fire in a pumper truck. In dismissing the action, this court found (at 791) that the statute did not apply to that type of situation but that "the statute is directed at property owners and those in control of property which is involved in a fire-fighting operation".

The references to property owners and those in control of premises in *Kenavan* and *Gerhart (supra)* must, of course, be evaluated in the factual context of the particular cases under consideration. Significantly, in neither case was the relationship of an alleged wrongdoer to particular premises the issue, as is here the case. Rather, in each case the court was

concerned with the applicability of the statute to injuries sustained by firefighters on a highway where motor vehicle violations were involved. It is clear that the issue under consideration in both cases was whether the remedy afforded by the statute extended to either an accident or a fire at such locale. In concluding that the statutory remedy arose only in the context of violations incidental to firefighting on property or premises, the court in each case was concerned with the site where the fire took place and the references to "property owners and those in control of property" must be viewed in that light.

That the reach of section 205-a is not, however, limited only to the owner or occupant of the particular premises, as the IAS court here held, can be discerned from the Court of Appeals decision in *Kenavan (supra,* at 567). In holding that "the statute affords firefighters protection from those premises harboring violations of safety provisions * * * not limited to, violations of fire preventive regulations", the court cited, as an example, the case of *Carroll v Pellicio Bros.* (44 Misc 2d 832, *mod sub nom. Carroll v Roman Catholic Diocese,* 26 AD2d 552, *appeal dismissed* 18 NY2d 708, *affd* 19 NY2d 658), which is of particular relevance to the instant situation.

In *Carroll (supra),* the owner of the premises had contracted with a construction company to erect a new building on the property. The construction company retained the defendant Pellicio Bros. to demolish the existing buildings. After demolition of those structures, defendant Pellicio set fire to the resulting rubble on the property in violation of various ordinances and the plaintiff firefighter, who had been injured in the course of extinguishing the blaze, successfully recovered against Pellicio, the nonowner demolition firm, under General Municipal Law § 205-a. As previously noted, that recovery was affirmed by the Court of Appeals (19 NY2d 658) and is still controlling law *(Kenavan v City of New York, supra).*

It is clear, therefore, that the use of the terminology "owners and those in control of property" is not intended to be restrictively applied but is rather to be viewed in the context of those parties having significant contact with the premises where the fire occurred who violate some statute, ordinance or rule respecting the maintenance and safety of those premises. This is in accord both with the plain language of the statute and the risks which it is intended to cover as delineated in the *Kenavan* decision. *(See also, Santangelo v State of New York,* 71 NY2d 393.)

To construe section 205-a in the restrictive fashion urged by defendants—i.e., only against owners and those in control of property—would not only frustrate the statutory intent but would give rise to an unjust anomaly. In discussing precisely this issue, the Third Department in its decision in *Furch v General Elec. Co.* (142 AD2d 8, *lv dismissed* 74 NY2d 792) emphasized the absence in General Municipal Law § 205-a of any limitation based upon ownership or control of the property where the fire occurs and noted that: "It is also noteworthy that reading such a limitation into the statute can lead to inequities. For example, where a property owner's failure to comply with safety code requirements causes a fire which spreads to adjacent property owned by another, a firefighter injured fighting the fire on the premises where the fire started would have a statutory cause of action, while a firefighter injured fighting the same fire on the adjacent premises, not owned or controlled by the person guilty of the code violation, would have no such cause of action." (142 AD2d, at 13, n.)

These concerns are particularly apt in the instant case. Here, it is alleged that the manner in which defendant Associated performed its work on the wall abutting the premises where the fire occurred was in violation of Administrative Code of the City of New York provisions governing the use of torches to cut pipes containing electrical lines and requiring the disconnection of electrical power, and other safety measures, during demolition work. Defendant Acme Sprinkler is charged with violating various Administrative Code provisions regarding the maintenance of sprinklers. These are precisely the type of violations for which relief was intended under section 205-a. They are violations which relate to the "maintenance and safety" of the premises and "create hazards additional to those that firefighters already face in their profession" *(Kenavan v City of New York, supra,* 70 NY2d, at 567).

Accordingly, so much of the order on appeal as dismissed the causes of action against defendants Associated and Acme based upon General Municipal Law § 205-a, should be reversed and those claims reinstated.

■ Defendant Acme also cross-appeals from that portion of the order which denied its motion to dismiss the cause of action against it for common-law negligence. The motion court's denial was predicated upon its rejection of what appeared to be Acme's primary argument, that "there is no privity of contract between it and plaintiff, to whom it owes

no duty of care". That issue has now been resolved by the Court of Appeals holding in *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.* (76 NY2d 220) that policy reasons dictate against extending the tort liability of contractors to a third party. Therefore, the denial of Acme's motion with respect to the common-law cause of action for negligence must be reversed and the motion granted with respect to that claim, which should be dismissed.

Accordingly, the order, Supreme Court, New York County (Leonard Cohen, J.), entered July 10, 1989, which granted the motion of Associated Wreckers, Inc. to dismiss the complaint and all cross-claims against it to the extent of dismissing the second cause of action as against it, and which granted the cross motion of Acme Sprinkler Corporation to the extent of dismissing the second cause of action as against it, and which denied Acme's motion to dismiss the first cause of action in common-law negligence, should be reversed, on the law, and the causes of action based on General Municipal Law § 205-a reinstated against Associated and Acme, and the common-law negligence claim against Acme dismissed, without costs.

KUPFERMAN, J. P., CARRO, MILONAS and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on July 10, 1989, unanimously reversed, on the law, and the causes of action based on General Municipal Law § 205-a reinstated against Associated and Acme, and the common-law negligence claim against Acme dismissed, without costs and without disbursements.