■ BRIAN SUTHERLAND, Appellant-Respondent, v HALLEN CONSTRUCTION CO., INC., et al., Respondents-Appellants, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, et al., Defendants. CITY OF NEW YORK, Second Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, (1) the plaintiff and the defendant Faymor Development Corporation, Inc., separately appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 31, 1990, as granted those branches of the motions of the defendants Hallen Construction Co., Inc., Consolidated Edison Company of New York, Inc., and Brooklyn Union Gas Company which were for summary judgment dismissing the complaint insofar as it is asserted against them, and (2) the defendants Hallen Construction Co., Inc. and Brooklyn Union Gas Company cross-appeal from so much of the same order as denied those branches of their motions which were to dismiss all cross claims asserted against them.

Ordered that the appeal of Faymor Development Corporation, Inc. is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the cross appeal of Brooklyn Union Gas Company is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff and cross-appealed from by the defendant Hallen Construction Co., Inc., without costs or disbursements.

The plaintiff alleges that the defendants Hallen Construction Co., Inc. (hereinafter Hallen), Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), and Brooklyn Union Gas Company (hereinafter BUG) violated, among other provisions, Rule 53 of the New York State Industrial Code, governing "construction, excavation and demolition operations at or near underground facilities" (see, 12 NYCRR part 53), and that these violations contributed to the occurrence of a fire. The plaintiff, who was injured while fighting this fire, seeks to impose liability upon them pursuant to General Municipal Law § 205-a. The Supreme Court granted summary judgment to Hallen, Con Ed and BUG dismissing the complaint insofar as it is asserted against them. We now affirm.

On April 23, 1982, Hallen was performing certain excavation work on Foster Avenue in Brooklyn, pursuant to a

contract with BUG. During the course of the project, a back-hoe, which was being operated by one of Hallen's employees, made contact with an electrical line owned by Con Ed. Thereafter, and allegedly as a result of this interference with the Con Ed electrical line, a fire broke out at 1406 Brooklyn Avenue. The plaintiff was injured while fighting this fire.

In *Kenavan v City of New York* (70 NY2d 558, 566), the Court of Appeals stated that the scope of General Municipal Law § 205-a was "not so far-reaching" as a literal reading of that statute tends to suggest. That statute provides for the imposition of monetary liability on "any person" who "directly or indirectly" causes a firefighter to be injured as the result of the violation of "any of the * * * rules * * * of the federal, state * * * or city governments" (General Municipal Law § 205-a).

Notwithstanding the broad sweep of the statute as it is written, the Court of Appeals has expressly rejected the contention that liability pursuant to General Municipal Law § 205-a may be premised on the violation of *any* statute, rule or ordinance *(see, Kenavan v City of New York, supra,* at 566). Instead, the court stated that a review of the history of General Municipal Law § 205-a and its predecessor statutes "compels the conclusion that the scope of section 205-a *is limited to property owners and the maintenance of premises in a safe condition for firefighters" (Kenavan v City of New York, supra,* at 566).

In reaching this determination, the Court of Appeals cited, with apparent approval, the decision in this court in *Citowitz v City of New York* (77 AD2d 642), as well as a prior decision of the Appellate Division, First Department *(Gerhart v City of New York,* 56 AD2d 790). In *Citowitz v City of New York (supra,* at 643), we stated that "[s]ection 205-a is directed only at property owners and those in control of property which is involved in a fire-fighting operation".

In *Andreaccio v Unique Parking* (158 AD2d 222, 227), the Appellate Division, First Department, held that the scope of General Municipal Law § 205-a is *not* limited to property owners, stating that such a "restrictive" interpretation would "frustrate the statutory intent" and would "give rise to an unjust anomaly". The First Department held that liability pursuant to General Municipal Law § 205-a could be imposed on any one who is shown to have negligently violated a regulation relating to the safety of premises, even if the person neither owned nor occupied the premises in question *(see also, Furch v General Elec. Co.,* 142 AD2d 8).

The holding of the *Andreaccio* case *(supra)* may be harmonized with the holding of the *Kenavan* case *(supra)* (although not with the dictum contained in *Kenavan,* noted above) on the ground that the regulations violated in *Andreaccio* were found to relate to the "maintenance and safety" of premises *(see, Andreaccio v Unique Parking, supra,* at 227) whereas the regulations violated in *Kenavan* were found to be unrelated to the safety of premises *(see, Kenavan v City of New York, supra,* at 567-568). In the present case, we find that the regulations which were allegedly violated by the defendants Hallen, Con Ed, and BUG are not primarily concerned with the averting of fire hazards or with the enhancing of the fire safety of buildings. The regulations relied upon by the plaintiff are, in general, designed to prevent personal injury or property damage during the course of construction or demolition work, or during the course of underground excavations. These regulations relate only tangentially, if at all, to fire prevention, and a violation of these regulations would not necessarily " 'create hazards additional to those that firefighters already face in their profession' " *(Andreaccio v Unique Parking, supra,* at 227, quoting from *Kenavan v City of New York, supra,* at 567; *cf., Carroll v Pellicio Bros.,* 44 Misc 2d 832, *mod on other grounds sub nom. Carroll v Roman Catholic Diocese,* 26 AD2d 552, *affd* 19 NY2d 658 [violation of ordinance prohibiting bonfires]; *Nykanen v City of New York,* 14 NY2d 697, *affg* 19 AD2d 535 [violation of rule requiring guardrails]; *Lyden v Rasa,* 39 AD2d 716 [violation of fire escape ordinance]). We therefore conclude that the defendants Hallen, Con Ed, and BUG were properly awarded summary judgment dismissing the complaint insofar as it is asserted against them.

The appeal of Faymor Development Co., Inc., is dismissed as abandoned, because, in its brief, it requests no affirmative relief. The defendants Hallen and BUG originally appealed from so much of the order under review as denied their applications for the dismissal of all cross claims as against them. However, in its brief, BUG appears to have abandoned this argument, and requests only an affirmance of the order insofar as appealed from by the plaintiff. Its cross appeal is, therefore, also dismissed.

In its brief, Hallen argues that since it cannot be held liable to the plaintiff on any theory, it can likewise not be held liable to any of its codefendants for contribution *(see,* CPLR 1401; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599; *Schauer v Joyce,* 54 NY2d 1, 5; *Diven v Village of Hastings-on-Hudson,* 156 AD2d 538). Hallen con-

tends, therefore, that the Supreme Court erred in not dismissing the cross claims asserted against it.

Although, in making this argument, Hallen correctly states the general rule, it fails to note the important exception to this rule which was defined by the Court of Appeals in *Garrett v Holiday Inns* (58 NY2d 253). In that case, the court stated that "[i]f an independent obligation can be found on the part of a concurrent wrongdoer to prevent foreseeable harm, he should be held responsible for the portion of the damage attributable to his negligence, despite the fact that the duty violated was not one owing directly to the injured person" *(Garrett v Holiday Inns, supra,* at 261). In other words, "[a] party seeking contribution must show that the [co]defendant from whom contribution is sought owes a duty *either* to him *or* to the injured party and that a breach of this duty has contributed to the alleged injuries" *(Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 125 AD2d 754, 756, *affd* 71 NY2d 599, *supra* [emphasis added]).

Although Hallen may have owed no common law duty of reasonable care to the plaintiff in this case, it clearly owed a duty to BUG, with whom it had contracted, to Con Ed, whose electrical lines it allegedly damaged, and to the owners of property in the area of the excavation *(see generally,* General Business Law § 760 *et seq.;* 12 NYCRR 53-3.15 *et seq.* [governing excavation area near underground facilities]; *see also, Coronet Props. Co. v L/M Second Ave.,* 166 AD2d 242 [potential excavator liability for property damage]; *Shields v Consolidated Gas Co.,* 193 App Div 86 [potential gas company liability based on negligent excavation]). In light of this independent duty, Hallen's codefendants are entitled to seek equitable contribution, notwithstanding Hallen's immunity from direct liability to the plaintiff *(see, Garrett v Holiday Inns, supra; see also, Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454; *First Bible Baptist Church v Gates-Chili Cent. School Dist.,* 172 AD2d 1057). The Supreme Court was, therefore, correct in refusing to dismiss the cross claims against Hallen. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.