■ WARREN MYERS, JR., Appellant, v MICHAEL WATRAL et al., Doing Business as WATRAL & SONS, INC., et al., Respondents. [595 NYS2d 332] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Luciano, J.), dated August 6, 1990, which denied the plaintiff's motion for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint, (2) so much of an order of

the same court, dated December 14, 1990, as, upon reargument, adhered to the original determination in the order dated August 6, 1990, and (3) an order of the same court, also dated December 14, 1990, which denied the plaintiff's motion to amend his complaint to add a new cause of action based upon General Municipal Law § 205-a and to increase his *ad damnum* clause to $75,000.

Ordered that the appeal from the order dated August 6, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 14, 1990, made upon reargument; and it is further,

Ordered that the order dated December 14, 1990, made upon reargument, is affirmed insofar as appealed from, and the other order dated December 14, 1990, is affirmed, without costs or disbursements.

The court properly dismissed the complaint and denied the plaintiff fireman's application to amend his pleading. This Court has recently ruled that a violation of 12 NYCRR part 53 does not satisfy the requirements of a cause of action pursuant to General Municipal Law § 205-a arising from negligence constituting an infraction of a regulation "primarily concerned with the averting of fire hazards or with the enhancing of the fire safety of buildings" *(Sutherland v Hallen Constr. Co.,* 183 AD2d 887, 889). Thompson, J. P., Rosenblatt and Eiber, JJ., concur.

Miller, J., concurs in the result, on constraint of *Sutherland v Hallen Constr. Co.* (183 AD2d 887, 889).