■ JOHN MCDERMOTT et al., Respondents, v CITY OF NEW YORK, Defendant, NEW YORK CITY HOUSING AUTHORITY, Respondent, and ZAFFUTO CONSTRUCTION COMPANY, INC., Appellant. [607 NYS2d 923] —Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered October 16, 1992, upon a jury verdict in favor of plaintiffs, *inter alia* apportioning liability 30% as against the City of New York, 15% as against New York City Housing Authority (NYCHA) and 55% as against Zaffuto Construction Company, Inc., awarding plaintiffs $350,000 plus interest, and granting NYCHA indemnification against Zaffuto for the judgment in the amount of $90,000, unanimously affirmed, without costs.

Contrary to defendant-appellant Zaffuto Construction Company's claim, plaintiffs established a prima facie case of negligence. The evidence sufficed to afford a rational basis for the jury's finding in favor of the plaintiffs *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). There was testimony that appellant, a carpentry contractor, had created an opening in an apartment floor to convert it to a duplex unit, but had failed to properly barricade it as required by contract and by law. When plaintiff fireman entered the dark and unlocked apartment to fight a fire in an adjacent building owned by the City of New York, shortly after midnight on April 7, 1985, he fell through the unguarded hole and sustained permanent back-related injuries.

The trial court properly charged the jury on the applicability of General Municipal Law § 205-a as the injury to plaintiff fireman was directly related to noncompliance with regulatory provisions concerning appellant's maintenance of the premises *(see, Schwarzrock v Thurcon Dev. Co.,* 193 AD2d 357) and since he was engaged in a firefighting operation at the premises at the time of his injury *(see, Gerhart v City of New York,* 56 AD2d 790, *lv denied* 42 NY2d 810; *Citowitz v City of New York,* 77 AD2d 642; *see also, Andreaccio v Unique Parking Corp.,* 158 AD2d 222, 227). Similarly, the court did not err in failing to charge, on behalf of appellant, the "presumption of continuance of a condition" as no proof was adduced concerning the claim that the floor opening to the subject fifth floor apartment had been barricaded at the time of its last alleged business day on the premises prior to the incident.

We have considered appellant's remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.