■ WILLIAM M. BILLUPS, Respondent, v JON WICKERS, Doing Business as JON WICKERS RESTORATION Co., et al., Appellants. (And a Third-Party Action.) [613 NYS2d 706] —In an action to recover damages for personal injuries, the defendants J.C. Wickers Roofing & Waterproofing Corp., s/h/a Jon Wickers, d/b/a Jon Wickers Restoration Co., and Jon Wickers Company, Inc., appeal, and the defendants Jackson Heights Shopping Center Company and Hyman Muss separately appeal, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated June 23, 1992, as, denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the defendants' respective motions for summary judgment dismissing the complaint are granted, and the complaint is dismissed; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff, a firefighter for New York City at the time of the incident, was allegedly burned by the spray-back from hot tar after responding to a fire concerning a tar kettle on a roof. The complaint alleged two causes of action, the first based upon common law negligence, and the second based upon statutory negligence pursuant to General Municipal Law § 205-a.

The plaintiff's recovery based upon common law negligence is barred by the "fireman's rule" *(see, Cooper v City of New York,* 81 NY2d 584, 588; *Santangelo v State of New York,* 71 NY2d 393; *Kenavan v City of New York,* 70 NY2d 558). Thus, the first cause of action must be dismissed.

With respect to the plaintiff's second cause of action based upon statutory negligence pursuant to General Municipal Law § 205-a, we find that the injury complained of was not reason-

ably or practically related to the statute, ordinance, rule, order, or requirement allegedly violated *(see, Kenavan v City of New York, supra,* at 558; *McDermott v City of New York,* 201 AD2d 339; *Schwarzrock v Thurcon Dev. Co.,* 193 AD2d 357; *Myers v Watral,* 191 AD2d 542; *Lusenskas v Axelrod,* 183 AD2d 244; *Maisch v City of New York,* 181 AD2d 467). Thus, this cause of action must also be dismissed. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.