■ C. RICHARD GARDNER et al., Appellants, v U.S. AIR, INC., Respondent. [634 NYS2d 499].—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Posner, J.), dated April 18, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a New York City firefighter, injured his knee while participating in a rescue operation following the crash of U.S. Air flight 5050 at LaGuardia Airport on September 20, 1989.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff's action is barred by New York's so-called Fireman's Rule (see, e.g., Cooper v City of New York, 81 NY2d 584, 588-589; Santangelo v State of New York, 71 NY2d 393, 396; Kenavan v City of New York, 70 NY2d 558, 566; Cottone v City of New York, 206 AD2d 345; Billups v Wickers, 205 AD2d 723).

In addition, General Business Law § 245 (1), which provides, "No person shall operate an aircraft in a careless or reckless manner so as to endanger the life or property of others," does not trigger the statutory exception to the Fireman's Rule contained in General Municipal Law § 205-a because General Business Law § 245 (1) is not concerned with the safety of premises, the avoidance of fire hazards, or the enhancement of building safety. Moreover, its violation, even if established, would not create more hazards than those that firefighters already face in performance of their profession (see, e.g., Kenavan v City of New York, supra; June v Laris, 205 AD2d 166; Myers v Watral, 191 AD2d 542; Fiola v Korman, 189 AD2d 798; Sutherland v Hallen Constr. Co., 183 AD2d 887; Lusenskas v Axelrod, 183 AD2d 244; Johnson v Riggio Realty Corp., 153 AD2d 485). Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.