■ WILLIAM H. SQUIRES, Respondent, v RUSSEL HAZEN, SR., et al., Defendants, and EDWARD COOPER, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Klein, J.), entered June 8, 1987 in Ulster County, which denied defendant Edward Cooper's motion for summary judgment dismissing the complaint against him.

Plaintiff and defendant Edward Cooper were drinking with a group of cousins in a pub, operated by defendants Russel Hazen, Sr., and Mar Rus, Inc., when an argument erupted between plaintiff and Cooper. The interaction between them occasioned by the dispute, consisting of pointing and shoving, continued as they proceeded to leave the bar, and when they reached a step leading down to the exit, they fell, each breaking a leg. Plaintiff, in addition to bringing an action

against the pub's operators, sought recovery from Cooper based on the premise that Cooper, intentionally or negligently, caused him to fall and suffer injury. Following discovery, Cooper moved for summary judgment dismissing the complaint against him, primarily relying upon plaintiff's representation in an examination before trial that Cooper did not strike him or cause his fall. Supreme Court denied the motion, essentially finding that material issues of fact existed. We agree.

Summary judgment deprives a litigant of his day in court and thus may only be granted when no genuine, triable issue of fact is presented (Ugarriza v Schmieder, 46 NY2d 471, 474). Here such an issue exists despite plaintiff's damaging admission, for he also testified that he and Cooper were jostling one another as they were in the process of leaving. And in an affidavit in opposition to the motion for summary judgment, plaintiff further swears that, while he cannot state whether they were in physical contact when the fall occurred, shoving immediately preceded the mishap. Since the material facts bearing on whether Cooper's conduct contributed to the accident can hardly be said to be uncontroverted, summary judgment was properly denied.

Order affirmed, without costs. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.