■ GLENN W. HEYER et al., Appellants, v CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.)—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered July 13, 1990, which, *inter alia,* granted defendants' motion pursuant to CPLR 3211 (a) (7) and dismissed the third cause of action in the complaint, unanimously affirmed, without costs.

Plaintiff, a firefighter, was allegedly injured when he fell in a pothole in the roadway in front of 216 Bronx Terminal Market Building, in the course of responding to a fire in those premises. Plaintiff's third cause of action, alleging violation of General Municipal Law § 205-a, was dismissed on defendants' motion, for failure to state a cause of action.

To the extent that plaintiff contends that various code violations caused the building fire, which, in turn, caused him to be present in the location of the defective street, he fails to state a cause of action under General Municipal Law § 205-a, as there was no reasonable connection between the violations alleged and plaintiff's injury. *(McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921.) The alleged violations relating to paving or maintenance of the roadway are similarly too remote to sustain a cause of action under the statute, since the scope of section 205-a is limited to property owners and the maintenance of premises in a safe condition for responding firefighters *(Kenavan v City of New York,* 70 NY2d 558, 566). Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.