■ FREDERICK SCHWARZROCK, JR., et al., Plaintiffs, and JOHN RACK, Appellant, v THURCON DEVELOPMENT Co. et al., Respondents, et al., Defendants. [597 NYS2d 41] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 9, 1992, *inter alia,* granting the motions of defendants, Thurcon Development Co., Thurcon Properties, Ltd., Harold Thurman, Patrick Consalves and Thurcon Construction Corp., to dismiss the complaint of plaintiff John Rack, unanimously affirmed, without costs.

General Municipal Law § 205-a imposes liability where an injury to a fireman "occurs directly or indirectly" from the negligent failure of a defendant to comply with statutory or regulatory provisions respecting the safety and maintenance of premises *(Lusenskas v Axelrod,* 183 AD2d 244, 246). As interpreted by this Court, this means that liability ensues " 'where there is any practical or reasonable connection between a violation and the injury or death of a fireman' " *(supra,* at 246, quoting *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 195, *affd* 20 NY2d 921).

Plaintiff, a firefighter, was allegedly injured when he jumped off near the top of a rapidly sliding unsecured 35 foot

ladder that had been angled against the premises which were on fire, and alleged to have building code violations. Under these circumstances, the IAS Court properly dismissed plaintiff's cause of action, alleging a violation of General Municipal Law § 205-a, since there was no reasonable connection between the violations alleged and plaintiff's injuries *(see, e.g., Heyer v City of New York,* 176 AD2d 550). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Kassal, JJ.