OPINION OF THE COURT
Per Curiam.
In this action to recover damages for personal injury, defendants appeal pursuant to CPLR 5601 (c) from an order of the Appellate Division which reversed a judgment entered on a jury verdict for defendants and ordered a new trial. Defendants stipulate that, in the event of an affirmance, judgment absolute shall be entered against them on the issue of liability only. Thus, even if judgment absolute were entered against defendants, a trial to assess damages would still be required.
Under CPLR 5601 (c) an appeal to this Court will lie from a nonfinal order of the Appellate Division which grants a new trial if the appellant stipulates that an affirmance by this Court will result in an absolute judgment against him. Such a stipulation is, however, deemed illusory if the appellant would lose nothing in the event of this Court’s affirmance of the Appellate Division order. For example, in Goldberg v Elkom Co. (36 NY2d 914), the Appellate Division reversed a judgment of Supreme Court awarding plaintiffs no damages following a trial on that issue and granted a new trial on damages. Defendant took an appeal to this Court, stipulating to judgment absolute in the event of an affirmance. Because defendant did not thereby relinquish anything, as an affirmance by this Court would have left defendant with a determination of no damages against him, the stipulation was deemed illusory. In contrast, because the appealing defendants here would be relinquishing the possibility of being absolved from all liability if a new trial were to be held, the stipulation for judgment absolute on liability only cannot be viewed as illusory.
While the present stipulation is not illusory, it is insufficient in another respect. As established by Miller v Perillo (49 NY2d 1044),* a stipulation for judgment absolute must also effect a final determination of the action as to both liability and damages. Otherwise, it frustrates the underlying purpose *302 of the statute, which is to avoid prolonged litigation and multiple appeals (see, Judicial Council Comment to proposed Civ Prac Act § 589 [3], the predecessor to CPLR 5601 [c], 7th Ann Report of NY Jud Council, at 529). Thus, an appeal upon a stipulation for judgment absolute on liability only does not lie, if damages remain to be tried. To the extent that Brown v Poritzky (30 NY2d 289) holds to the contrary, it is overruled.
The appeal should, therefore, be dismissed, and the motion for a stay dismissed as academic.
On the Court’s own motion, appeal dismissed, without costs. Motion for a stay dismissed as academic.

 In Miller v Perillo, the defendants-appellants stipulated to judgment absolute on liability only. To the extent that the entry in Miller indicates that such a stipulation is illusory, it is misleading and should be disregarded. However, the operative significance of Miller is the requirement that the proposed stipulation finally determine both liability and damages, and in this respect the continuing viability of its holding is affirmed.