OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiff, a uniformed firefighter in the Fire Department of the City of New York, incurred a serious back injury while responding to a fire at defendant’s two-story building in Rock-
 
 *139
 
 away Park, Queens County. The first floor of the building was occupied by two commercial establishments and the second floor by illegal single-room occupancies. The fire was well in progress upon the arrival of plaintiff’s ladder company. An advanced fire was found on the second floor, blowing out one side of the building and igniting the siding of the building. Screams were heard of someone trapped on the second floor. Plaintiff and Firefighter Richard Sullivan climbed stairs to the second floor and attempted to open the door to a room from which the screams seemed to have emanated. They were unable to force entrance because the door opened inward and was blocked by furniture. Sullivan, therefore, hunched over and plaintiff climbed on his shoulders to enter the room through a small elevated window he smashed open. Upon entering through the window, he fell to the floor and felt his body hit something during the fall. He experienced spasms and severe pain in his leg and lower back, but was able to help in moving the furniture so that the door to the room could be opened. He was then carried out and removed from the scene by ambulance.
 

 It is conceded that defendant’s building contained numerous violations of fire prevention and safety provisions contained in Multiple Dwelling Law § 248 (governing single-room occupancy buildings) and of the Administrative Code of the City of New York, including the absence of fire alarms, smoke detectors and a sprinkler system.
 

 Plaintiff sued on several theories, among which was a cause of action under General Municipal Law § 205-a.
 
 [1]
 
 The trial court denied defendant’s request to charge the jury on comparative fault as between plaintiff and defendant pursuant to
 
 *140
 
 CPLR 1411
 
 [2]
 
 on plaintiffs General Municipal Law § 205-a cause of action, and the jury returned a substantial verdict in plaintiffs favor. On appeal, the Appellate Division upheld the trial court’s refusal to charge comparative fault, but modified to reduce the damages awarded, directing a new trial unless plaintiff stipulated to the reduction, in which event the judgment as so modified was affirmed (205 AD2d 598). Plaintiff so stipulated, and we granted defendant leave to appeal to address the issue of whether comparative fault under CPLR article 14-A applies in an action based upon General Municipal Law § 205-a. We agree with the courts below that the culpability of an injured or deceased firefighter in contributing to the happening of the injury-producing accident may not be invoked by a defendant property owner or occupier to reduce damages claimed under General Municipal Law § 205-a. Thus, we affirm the Appellate Division.
 

 As authoritative, earlier decisions involving General Municipal Law § 205-a explain, that section, enacted originally some 60 years ago (L 1935, ch 800), "created a [new] statutory cause of action — where none existed at common law”
 
 (Kenavan v City of New York,
 
 70 NY2d 558, 567), and did not merely define a statutory standard of care to be applied in a common-law negligence action
 
 (id.; see also, McGee v Adams Paper & Twine Co.,
 
 26 AD2d 186, 194-195,
 
 affd
 
 20 NY2d 921).
 

 General Municipal Law § 205-a was enacted to benefit a specific class — firefighters—in two ways. First, "to ameliorate the harsh effects of the firefighter rule’s bar to recovery in common-law negligence by imposing 'liability in any case where there is any practical or reasonable connection between a [statutory or code] violation and the injury or death of a fire[fighter]’ ”
 
 (Zanghi v Niagara Frontier Transp. Commn.,
 
 85 NY2d 423, 441 [quoting
 
 McGee v Adams Paper & Twine Co.,
 
 26 AD2d, at 195,
 
 supra]
 
 [brackets in original]).
 

 The firefighter’s rule, as we have described it, bars recovery by firefighters against real property owners and occupiers for "negligence in the very situations that create the occasion for their services”
 
 (Santangelo v State of New York,
 
 71 NY2d 393,
 
 *141
 
 397). We have recently further refined the rule to give landowners immunity from liability from their own negligence causing injuries to firefighters when
 
 "the performance of the
 
 * * *
 
 firefighter’s duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury” (Zanghi v Niagara Frontier Transp. Commn.,
 
 85 NY2d, at 439,
 
 supra
 
 [emphasis in original]).
 

 When General Municipal Law § 205-a was first enacted and until recently, the dominant rationale for the firefighter’s rule was that, when firefighters enter the profession, they are expected to assume, as part of their duties, the risks of fire-related injuries, including the risk of negligence by property owners and occupiers in maintaining their premises
 
 (see, Raymond v Republic Light, Heat & Power Co.,
 
 262 NY 498, 499 [1933];
 
 see also, McGee v Adams Paper & Twine Co.,
 
 26 AD2d, at 190,
 
 supra).
 
 In
 
 Santangelo v State of New York (supra),
 
 we expressed a preference for a policy-based justification for denying recovery: that firefighters (and police officers) should not be awarded damages for the very hazards that create the need for the performance of their duties, i.e., dangers which they are especially "trained and compensated to confront”
 
 (id.,
 
 71 NY2d, at 397). In creating a right of recovery under General Municipal Law § 205-a for an injury to or the death of a firefighter connected with violations of fire safety or prevention statutes, codes or rules, the Legislature determined that firefighters should not be expected to assume the risks of additional hazards arising out of such violations
 
 (see, McGee v Adams Paper & Twine Co.,
 
 26 AD2d, at 195,
 
 supra; see also, Zanghi v Niagara Frontier Transp. Commn.,
 
 85 NY2d, at 443,
 
 supra).
 
 Thus, to that degree, the harsh results of the firefighter’s rule are obviated by General Municipal Law § 205-a.
 

 The second benefit the Legislature sought to confer specifically on firefighters by enacting General Municipal Law § 205-a was protection through encouragement of property owners and occupiers to comply with fire safety and prevention codes. By imposing liability (including statutory minimum awards) in the case of injury or death of a firefighter related to safety violations, section 205-a "affords firefighters
 
 protection
 
 from those premises harboring violations of safety provisions”
 
 (Kenavan v City of New York,
 
 70 NY2d 558, 567,
 
 supra
 
 [emphasis supplied]). "The Legislature, in creating [a cause of action under General Municipal Law § 205-a] in the
 
 interests of protecting fire[fighters]
 
 against the hazards of such violations
 
 *142
 
 * * * intended to impose liability in any case where there is any practical or reasonable connection between a violation and the injury or death of a fire[fighter]”
 
 (McGee v Adams Paper & Twine Co.,
 
 26 AD2d, at 195,
 
 supra
 
 [emphasis supplied]). Thus, section 205-a reflects the Legislature’s awareness that, by the very nature of their duties, firefighters are incapable of avoiding the additional hazards at fires resulting from fire safety and prevention code violations on the premises.
 

 Applying comparative fault as between a code-violating property owner and an injured or deceased firefighter is incompatible with and undermines the protective purposes of General Municipal Law § 205-a. As we have described in relating the history of General Municipal Law § 205-a, it was intended to carve out an exception to the dominant rationale of the firefighter’s rule that firefighters assume the risk of hazards created by ordinary negligence encountered in the performance of their duties. Underlying this statutory exception to the firefighter’s rule was the Legislature’s determination that fire professionals as a class should be protected from the additional dangers of fire safety and prevention code violations, and that assumption of risk doctrine should not apply when a firefighter is injured or killed as a result of exposure to such additional hazards because such additional dangers are unavoidable if safety violations exist on premises to which firefighters must respond in case of a fire. Comparative fault diminishing a firefighter’s recovery would undermine the legislative goal to fully protect them from code violation hazards, and would subvert the law’s deterrent effect.
 

 Solid judicial doctrine supports our unwillingness to apply comparative fault to an injured or deceased firefighter’s statutory cause of action here. Thus, the Restatement (Second) of Torts provides that, although a plaintiff’s contributory negligence is generally a defense to a negligence action based upon a statutory violation, such is
 
 not
 
 the case when "the effect of the statute is to
 
 place the entire responsibility
 
 for such harm as has occurred upon the defendant” (Restatement [Second] of Torts § 483 [emphasis supplied]). The statute should be given that effect, of placing full responsibility upon the defendant, "particularly where it is enacted in order to protect a certain
 
 *143
 
 class of persons against their own inability to protect themselves”
 
 (id.,
 
 at comment
 
 c).
 

 [3]
 

 The foregoing rule of the tortfeasor’s full responsibility for injuries to a protected class member resulting from a statutory safety violation has been applied to remove the defense of contributory negligence
 
 (see, Karpeles v Heine,
 
 227 NY 74, 80;
 
 Stern v Great Is. Corp.,
 
 250 App Div 115, 116), and the defense of assumption of risk
 
 (see, Texas & Pac. Ry. Co. v Rigsby,
 
 241 US 33, 43). Our rejection in
 
 Nykanen v City of New York
 
 (14 NY2d 697) of contributory negligence as a complete defense in a General Municipal Law § 205-a action, before enactment of CPLR article 14-A, is completely consistent with that Restatement rule imposing full responsibility.
 

 The Restatement rule remains equally appropriate to General Municipal Law § 205-a actions now that comparative fault has supplanted contributory negligence and assumption of risk as complete defenses. As we have demonstrated, section 205-a was intended to protect firefighters as a class from the unavoidable hazards of violations of fire safety and prevention statutes and codes. Thus, "the effect of [General Municipal Law § 205-a] is to place the entire responsibility for such harm as has occurred [because of the safety statute or code violation] upon the defendant” (Restatement [Second] of Torts § 483).
 

 That General Municipal Law § 205-a was intended to impose the entire responsibility for injuries due to safety code violations on the property owner, undiminished by any contributing negligence of, or assumption of risk by, the plaintiff firefighter, is also supported by the statutory imposition of a minimum recovery of $10,000, in the case of a firefighter’s injury, and $40,000, in the case of a firefighter’s death, against the offending real property owner or occupier.
 

 Moreover, neither the language nor the legislative history of CPLR article 14-A mandates the application of comparative fault to diminish a plaintiff’s recovery in an action under General Municipal Law § 205-a. Although comparative culpability of a plaintiff and defendant applies "[i]n any action to recover damages for personal injury, injury to property, or
 
 *144
 
 wrongful death” (CPLR 1411), we have already rejected its application in a suit by an injured worker based upon a violation of Labor Law § 240 (1)
 
 (see, Bland v Manocherian,
 
 66 NY2d 452, 461). Significantly, suits to recover damages for "personal injuries” are treated distinctly under the Civil Practice Law and Rules with respect to the Statute of Limitations, from personal injury claims (such as those under General Municipal Law § 205-a) where "liability [is] imposed by statute”
 
 (see,
 
 CPLR 214 [2];
 
 cf.,
 
 CPLR 214 [5];
 
 see, Schmidt v Merchants Desp. Transp. Co.,
 
 270 NY 287, 303-305;
 
 see also, Sicolo v Prudential Sav. Bank,
 
 5 NY2d 254, 257-258).
 

 Even more importantly, application of comparative fault doctrine as between the plaintiff and defendant in suits under General Municipal Law § 205-a manifestly would
 
 not
 
 further the predominant purpose of CPLR article 14-A. That purpose, according to the Chair of the Judicial Conference CPLR Advisory Committee which formulated and proposed adoption of article 14-A, was to achieve
 
 "equitable apportionment
 
 of damages among those whose culpable conduct produced the injury” (Hamburger,
 
 The 1975 New York Judicial Conference Package: Class Actions and Comparative Negligence,
 
 25 Buffalo L Rev 415, 433-434 [1976] [emphasis supplied]). But, despite enactment of CPLR article 14-A, the firefighter’s rule prevents such equitable apportionment of damages as between injured firefighters and property owners and occupants. As we have seen, if the culpability of the property owner or occupier consists solely of ordinary negligence, CPLR article 14-A notwithstanding, the property owner is immunized from liability under the rule and the injured firefighter must bear the entire loss. Thus, applying CPLR article 14-A to a firefighter’s action under General Municipal Law § 205-a will not achieve complete "equitable apportionment” of damages according to the proportionate culpability of the firefighter and the property owner or occupier. Imposition of comparative fault would only enhance the advantage real property owners and occupiers already enjoy in the allocation of responsibility for fire-related injuries under the firefighter’s rule. Contrariwise, imposition of full responsibility upon the property owner or occupant in an action under General Municipal Law § 205-a serves to redress in part the imbalance in apportionment of damages according to relative culpability caused by the firefighter’s rule.
 

 For all the foregoing reasons, we reject the application of comparative fault under CPLR article 14-A to diminish a
 
 *145
 
 plaintiffs recovery in an action brought pursuant to General Municipal Law § 205-a.
 

 Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.
 

 [2]
 

 . CPLR 1411 provides: "In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.”
 

 [1]
 

 . General Municipal Law § 205-a provides in pertinent part: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments * * * the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the * * * fire department * * * a sum of money, in case of injury to person, not less than ten thousand dollars, and in case of death not less than forty thousand dollars”.
 

 [3]
 

 . Section 483 of the original Restatement of Torts similarly provided: "If the defendant’s negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute.”