■ MICHAEL J. COLLARO et al., Respondents, v TIME WARNER ENTERTAINMENT COMPANY, L.P., Doing Business as TIME WARNER CABLE OF NEW YORK CITY, Appellant, et al., Defendants. (And a Third-Party Action.) [655 NYS2d 444] —In an action to recover damages for personal injuries, etc., the defendant Time Warner Entertainment Company, L.P., doing business as Time Warner Cable of New York City, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated February 27, 1996, as denied that branch of its motion which was for summary judgment dismissing the plaintiffs' second cause of action. The appeal brings up for review so much of an order of the same court, dated June 3, 1996, as, upon reargument, adhered to so much of its prior determination as denied the appellant's motion for summary judgment on the plaintiffs' second cause of action (CPLR 5517 [b]).

Ordered that the appeal from the order dated February 27, 1996, is dismissed, as that order was superseded by the order dated June 3, 1996, made upon reargument; and it is further,

Ordered that the order dated June 3, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Michael J. Collaro, a firefighter, was allegedly injured when, responding to a fire, he caught his foot in a cable-television wire while descending a "gooseneck" fire escape ladder and fell to the ground. At issue on appeal is his cause of action against the defendant Time Warner Entertainment Company, L.P., doing business as Time Warner Cable of New York City (hereinafter Time Warner), pursuant to General Municipal Law § 205-a. The plaintiff alleged that Time Warner was liable for his injuries because it negligently installed and maintained the wire in violation, *inter alia,* of New York City Administrative Code § 27-3036 (b), which prohibits the installation of such wires within three feet of a fire escape. Time Warner moved for summary judgment, *inter alia,* dismissing this cause of action, arguing that it neither owned nor was involved in maintaining or repairing the premises from which the plaintiff fell. The Supreme Court denied the motion insofar as it sought such relief. We now affirm.

General Municipal Law § 205-a creates a right of action for firefighters injured during the discharge of their duties as a direct or indirect result of a defendant's negligent failure to comply with the requirements of government statutes, ordinances, or rules (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423; *Kenavan v City of New York,* 70 NY2d 558). Under this section, a defendant who is not the owner of the premises "may be held liable if employed on the premises or engaged in maintaining or repairing it at the time of the firefighter's injury" (*Zanghi v Niagara Frontier Transp. Commn., supra,* at 445). On the record before this Court, whether Time Warner is such a defendant presents a question of fact. Accordingly, Time Warner's motion for summary judgment, insofar as it sought dismissal of the plaintiff's claim pursuant to General Municipal Law § 205-a, was properly denied. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.