[662 NYS2d 1]

Patrick O'Connell et al., Appellants, v Maurice Kavanagh, Respondent.

First Department, July 24, 1997

### APPEARANCES OF COUNSEL

*Thomas F. McCarthy* for appellants.

*Elliot A. Cristantello* of counsel *(Stephen P. Falvey* on the brief; *Vouté, Lohrfink, Magro & Collins, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

RUBIN, J.

This appeal involves the construction of General Municipal Law § 205-a, commonly referred to as the Firefighter's Law. Specifically at issue is the degree to which the injury sustained by the injured firefighter must be causally related to the statutory violation alleged to have existed. In our view, the court is required to accord the Firefighter's Law a liberal construction to accomplish its salutary purpose.

Recovery under the statute does not require proximate causation or even a direct connection between the safety violation alleged and the resulting injury (*McGee v Adams Paper & Twine Co.*, 26 AD2d 186, 195, *affd* 20 NY2d 921). The legislation is " 'intended to impose liability in any case where there is any practical or reasonable connection between a violation and the injury or death of a fire[fighter]' " (*Mullen v Zoebe,*

*Inc.*, 86 NY2d 135, 142, quoting *McGee v Adams Paper & Twine Co.*, *supra*, at 195). Apart from compensation for the injury sustained in the line of duty, the statute affords protection to firefighters by encouraging those in control of property to comply with building, fire and safety codes (General Municipal Law § 205-a; *Mullen v Zoebe, Inc.*, *supra*, at 141).

The fire in this case is suspected to have originated in a pile of painting supplies stored just a short distance from defendant's apartment door, under the stairway leading up to the second floor. Plaintiff was injured while attempting to gain entry to an apartment on an upper floor. At his examination before trial, plaintiff testified that, on arrival, he had observed the occupants hanging out of the apartment windows. He further stated that heavy smoke had spread throughout the building and filled the hallway in front of the apartment door. Plaintiff used a device to force open the steel door but only succeeded in creating an opening four or five inches wide. He sustained injury to his shoulder when he threw his body against the door a number of times to open it sufficiently to permit entry. Two women found in the apartment were assisted down a ladder to safety. During his deposition testimony, defendant identified the women as his daughters.

On his way out of the building, plaintiff observed that the painting supplies under the stairway included cans containing paint, lacquer and benzene as well as cartons, papers and drop cloths. Plaintiff alleges that storage of these combustible materials in a corridor is a violation of § 27-369 of the Administrative Code of the City of New York. The record suggests that the collection of painting supplies was the main source of the fire as it was necessary to extinguish the blaze in this area to enable firefighters to enter the building. While defendant speculates that the fire was the result of arson, there is no evidence in the record to support his theory.

Defendant begins with the assertion that dismissal of plaintiff's action must be sustained because "Mr. O'Connell has never provided any proof of any statutory violation concerning these stored painting materials." He then cites various cases for the proposition that a cause of action under the Firefighter's Law cannot be sustained if the connection between the violation and the injury is too remote. He concludes with the contention that plaintiff's injury resulted from his decision to use his body instead of a tool as the means to force open the apartment door.

■ The lack of merit to defendant's first point is evident from a casual reading of some of the cases he cites, which refer

merely to "alleged" violations as the predicate for imposing responsibility under the statute (*e.g.*, *Heyer v City of New York*, 176 AD2d 550). For example, in *Schwarzrock v Thurcon Dev. Co.* (193 AD2d 357, 358, *lv dismissed* 82 NY2d 846), this Court stated that "there was no reasonable connection between the violations *alleged* and plaintiff's injuries" (emphasis supplied). As the Court of Appeals stated in *Zanghi v Niagara Frontier Transp. Commn.* (85 NY2d 423, 441), to defeat a motion for summary judgment seeking dismissal of the complaint "a plaintiff seeking recovery under General Municipal Law § 205-a must identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter (*Brophy v Generoso*, 137 AD2d 478, 479)." It is clear that whether the alleged omission or negligence of a party in control of the premises constitutes a failure to comply with a statutory provision is a question of fact to be determined at trial.

Nor is there any merit to defendant's suggestion that plaintiff is responsible for his injuries because he used his body rather than a tool to effect entry into the apartment. It is settled that neither assumption of risk nor contributory negligence may be asserted in defense to an action brought under the Firefighter's Law (*Mullen v Zoebe, Inc.*, *supra*, at 143; *Johnson v Riggio Realty Corp.*, 153 AD2d 485, 487, *lv dismissed* 74 NY2d 945).

Defendant's remaining contention is that there is "no reasonable connection between plaintiff's alleged injuries and defendant's alleged statutory violation." While he assails the quantum of plaintiff's proof, defendant fails to state exactly why plaintiff's injury is only remotely connected to defendant's asserted failure to comply with the Administrative Code of the City of New York. The section alleged to have been violated states, in material part, "§ 27-369 Corridors. Corridors shall be kept readily accessible and unobstructed at all times. Corridors shall be kept free of combustible contents". It is apparent that the storage of flammable items, especially such highly flammable liquids as lacquer and benzene, in a hallway under the stairs, is a violation of this provision. It is also readily inferable that the proscription against storing combustibles is intended to facilitate access to and egress from the premises. The preceding section begins: "§ 27-368 General. (a) Means of egress shall be provided for all buildings by one or more of the

facilities listed below * * * Fire escapes shall not be permitted on new construction, with the exception of group homes." Defendant testified that his building does not have a fire escape.

 It would appear that, contrary to defendant's contention, the alleged statutory violation had a great deal to do with the emergency confronting the responding firefighters. The heavy smoke condition in the hallway, caused by the burning paint and other combustibles, prevented the occupants of the upstairs apartment from escaping by way of the corridor to the street. Heavy smoke rose from the location under the stairs where the painting supplies were stored, finding its way into the upstairs apartment and forcing the occupants to lean out the windows. Observing this upon his arrival at the scene, plaintiff found it necessary to rescue the trapped occupants, requiring him to break through the steel door to gain access to their apartment.

This Court had occasion to construe the application of the Firefighter's Law to an injury indirectly resulting from a statutory violation in the case of *Lusenskas v Axelrod* (183 AD2d 244, *appeal dismissed* 81 NY2d 300). Defendant's attempt to distinguish the instant matter from *Lusenskas* is notable for its imprecise statement of the facts. In that case, a firefighter sustained injury when he was struck by a back draft upon opening a door to a hallway. We held that the landlord's knowledge that tenants tampered with the spring mechanism on their apartment doors, defeating the self-closing feature, was sufficient to impose liability under the Firefighter's Law, even though the landlord had no notice that the particular door implicated in the blaze was in need of repair. We noted that the injury to the firefighter was a consequence of the spread of the fire into the hallway from the apartment where it had originated because the apartment door failed to close behind the fleeing occupant. (Contrary to defendant's rendition of the facts, the door opened by the injured firefighter, which led from the stairway to the hall, was not defective.)

In the matter under review, the presence of the heavy smoke in the upstairs apartment and adjoining hallway is the logical consequence of the improper storage of combustible materials in violation of the Administrative Code of the City of New York. In dismissing plaintiff's cause of action based on the Firefighter's Law, Supreme Court quoted *Kenavan v City of New York* (70 NY2d 558, 567) in support of its conclusion that the alleged violation of this provision does not "create hazards additional to those that firefighters already face in their profes-

sion". However, a recent amendment to the statute provides that it shall be deemed to provide a right of action "regardless of whether the injury or death is caused by the violation of a provision prohibiting activities or conditions which increase the dangers already inherent in the work of any officer, member, agent or employee of any fire department" (General Municipal Law § 205-a [3], as amended by L 1996, ch 703, § 4). This provision is applicable to all cases pending on October 9, 1996, the effective date of the amendment. Therefore, whether the improper storage of combustible materials in this case created hazards in addition to those normally faced by firefighters or merely aggravated an existing, inherent hazard, is not pertinent to the recovery of damages under the Firefighter's Law. The criterion is simply whether the connection between the statutory violation and the resultant injury is sufficiently "practical or reasonable" so as to sustain an action under General Municipal Law § 205-a (*McGee v Adams Paper & Twine Co., supra*, at 195). This Court concludes that the connection in this case is no more remote than in *Lusenskas v Axelrod (supra)* and that plaintiff should therefore be afforded the opportunity to proceed to trial.

Accordingly, the order of the Supreme Court, Bronx County (Stanley Green, J.), entered October 25, 1995 which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, should be reversed, to the extent appealed from, on the law, without costs, the motion denied and the cause of action pursuant to General Municipal Law § 205-a reinstated.

ANDRIAS, J. (dissenting). I would affirm.

While *McGee v Adams Paper & Twine Co.* (26 AD2d 186, 195, *affd* 20 NY2d 921) may not require a showing of the same degree of proximate cause as in a common-law negligence cause of action, it still requires a showing of a "practical or reasonable connection" between the violation, and the injury sustained.

In *Lusenskas v Axelrod* (183 AD2d 244, *appeal dismissed* 81 NY2d 300), a case in which the sole issue was constructive notice to the landlord of the violation not causation, there was a sufficient causal connection established where the lack of a self-closing hinge on an apartment's front door allowed the uncontrolled spread of the fire to the corridor and plaintiff firefighter was hit with a blast of superheated air when another door from the stairway to the corridor was opened.

Similarly, *Carroll v Roman Catholic Diocese* (26 AD2d 552, *affd* 19 NY2d 658) is a case cited by plaintiff for the proposi-

tion that General Municipal Law § 205-a liability was found where a volunteer fireman was injured while responding to a fire solely because the only violation was the bonfire that was not permitted by the local ordinances. However, the fireman there was told to climb on top of the pile of debris in order to force fire hoses down into it and, as he was working on top of the pile, it gave way under him and he fell. Clearly, there was a sufficient causal relationship.

We agree with the IAS Court that in this case there is no practical or reasonable connection between the alleged violation of Administrative Code of the City of New York § 27-369, which requires that corridors be kept free of combustible materials, and the injury that plaintiff sustained to his shoulder. When plaintiff was unable to pry open a metal door with tools he had for that purpose, he threw himself against the door in an effort to break it down. The claim that the fire would not have started or spread but for the combustible materials in the hallway posits a causal connection that is too remote (compare, Heyer v City of New York, 176 AD2d 550, and Schwarzrock v Thurcon Dev. Co., 193 AD2d 357, lv dismissed 82 NY2d 846, with Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 441-444, and Lusenskas v Axelrod, 183 AD2d 244, appeal dismissed 81 NY2d 300, supra).

MILONAS and WILLIAMS, JJ., concur with RUBIN, J.; SULLIVAN, J. P., and ANDRIAS, J., dissent in a separate opinion by ANDRIAS, J.

Order, Supreme Court, Bronx County, entered October 25, 1995, reversed, to the extent appealed from, on the law, without costs, defendant's motion for summary judgment dismissing the complaint denied, and the cause of action pursuant to General Municipal Law § 205-a reinstated.