■ Ray Grawin, Respondent, v Tudor Place Associates et al., Respondents, and Ross Apple Construction Services Corp., Appellant. (And a Third-Party Action.) [689 NYS2d 79] —Order, Supreme Court, Bronx County (George Friedman, J.), entered October 16, 1997, which, in an action for personal injuries by a firefighter pursuant to General Municipal Law § 205-a and for common-law negligence, denied defendant-appellant's demolition contractor's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Summary judgment dismissing the General Municipal Law § 205-a claim as against appellant is precluded by an issue of fact as to whether the partial building collapse allegedly caused by appellant's violation of Administrative Code of the City of New York § 27-127 in failing to properly shore up the building had a practical or reasonable relationship to plaintiff's use of a defective ladder in attempting to rescue appellant's worker (*cf.,*

*O'Connell v Kavanagh*, 231 AD2d 29, 33-34). That the violation was not issued to appellant, but rather to an entity affiliated with third-party defendant general contractor, is not determinative, since the statute imposes liability for violations of regulations relating to the safety of premises regardless of the violator's ownership or occupancy of the premises (*see, Collaro v Time Warner Entertainment Co.*, 237 AD2d 319). Issues of fact also exist with respect to the common-law negligence claim, including whether the ladder plaintiff used in rescuing a trapped worker was defective, and whether appellant was its owner or had notice of its presence on the rubble. We have considered appellant's other arguments and find them unpersuasive. Concur—Nardelli, J. P., Tom, Lerner, Mazzarelli and Friedman, JJ.