■ JAMES MEEHAN, Respondent, v DOCTOR'S OFFICE MEDICAL GROUP et al., Defendants, and THOMAS FERRIS, Appellant. [705 NYS2d 296] —In an action to recover damages for personal injuries, the defendant Thomas Ferris appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 21, 1998, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured during a barroom fight involving the appellant, Thomas Ferris. Given the parties' sharply conflicting deposition testimony as to the events which led to the plaintiff's injury, the appellant's motion for summary judgment was properly denied (*see, Zuckerman v City of New York,* 49 NY2d 557; *see also, Squires v Hazen,* 138 AD2d 881). Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.

■ JOSEPH MOORE et al., Appellants, v ANATOLY EYZENBERG, Respondent. [705 NYS2d 295] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated March 26, 1999, which denied their motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

Under General Municipal Law § 205-a, liability is imposed in any case where there is a practical or reasonable connection between a statutory or code violation and the injury to the plaintiff (*see, Brasca v Jessup,* 258 AD2d 490; *O'Connell v Kavanagh,* 231 AD2d 29; *Schwarzrock v Thurcon Dev. Co.,* 193 AD2d 357). In the case at bar, there remain issues of fact, *inter alia,* as to whether the alleged violations included the hole that the injured plaintiff fell through. In addition, we agree with the Supreme Court that the plaintiffs were not entitled to summary judgment on the ground of spoliation of evidence (*see, Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564). O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.