■ JOHN MARANO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [831 NYS2d 708]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered January 27, 2006, which denied petitioner's application to file a late notice of claim, unanimously affirmed, without costs.

Petitioner failed to establish that respondent had timely notice of the essential facts of his claim; neither the newspaper article nor the fire marshal's report mentioned that he had suffered injuries while trying to climb a fence (*see e.g. Matter of Morris v County of Suffolk*, 88 AD2d 956 [1982], *affd* 58 NY2d 767 [1982]). While respondent received another individual's notice of claim within 90 days of the fire, the connection between the safety violations mentioned therein (e.g., defective electrical wiring) and petitioner's injuries (caused by falling from a fence) is too remote (*see Heyer v City of New York*, 176 AD2d 550

[1991]). Moreover, respondent would be prejudiced by the one-year delay between the date of petitioner's injury and the date on which he moved for leave to file a late notice of claim (*see e.g. Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450, 451 [2006]; *Matter of Vargas v New York City Hous. Auth.*, 232 AD2d 263 [1996], *lv denied* 89 NY2d 817 [1997]). Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and Buckley, JJ.