DONNA PRINCE L., Individually and as Parent and Natural Guardian of PHILIP LAWRENCE L., an Infant, and as Administratrix of the Estate of TIMOTHY JOHN L., Deceased, Appellant, v MIKE WATERS, as Fire Control Coordinator of the County of Onondaga, et al., Respondents. [850 NYS2d 803]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 2, 2007 in an action for, inter alia, wrongful death. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the General Municipal Law § 205-a cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, the wrongful death of her husband (decedent). Decedent, a volunteer firefighter, was killed while fighting a fire that started in the basement of a house located in the Town of Pompey. Plaintiff alleged that defendant County of Onondaga (County) is liable pursuant to the doctrine of respondeat superior for decedent's death, which was allegedly caused by the negligence of defendant Mike Waters, as the County's Fire Control Coordinator, and that defendants are also liable pursuant to General Municipal Law § 205-a. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. We note at the outset that plaintiff has abandoned the wrongful death cause of action, inasmuch as she failed to oppose that part of defendants' motion with respect to it and, indeed, has not addressed it on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We agree with plaintiff, however, that the court erred in granting that part of defendants' motion for summary judgment dismissing the General Municipal Law § 205-a cause of action, and we therefore modify the order accordingly.

To establish their entitlement to summary judgment dismissing the General Municipal Law § 205-a cause of action, defendants had to establish as a matter of law "either that [they] did not negligently violate any relevant government provision or that, if [they] did, the violation did not directly or indirectly cause plaintiff's injuries" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 82 [2003]). The type of statute, ordinance or regulation that may give rise to liability pursuant to General Municipal Law § 205-a is one "found in a 'well-developed body of law and regulation' that 'imposes clear duties' " (*Galapo v City of New York*, 95 NY2d 568, 574 [2000]).

According to plaintiff, defendants failed to comply with the National Interagency Incident Management System Incident Command System (NIIMS-ICS), adopted in New York by executive order as the state standard emergency command and control system (*see* 9 NYCRR 5.26). Contrary to defendants'

contention, plaintiff thereby identified a relevant government provision that may give rise to liability under General Municipal Law § 205-a. The NIIMS-ICS may form the predicate for liability pursuant to section 205-a because it " 'mandates a reasonably defined and precedentially developed standard of care,' and does not require the trier of fact to 'second-guess [a firefighter's] split-second weighing of choices' " (*Williams v City of New York*, 2 NY3d 352, 364-365 [2004]).

We further conclude on the record before us that there is an issue of fact whether Waters' alleged violation of the NIIMS-ICS caused decedent's death, i.e., whether there is any " 'practical or reasonable connection' " between the alleged violation and decedent's death (*Giuffrida*, 100 NY2d at 81). Waters testified at his deposition that, as the County's Fire Control Coordinator, he has no decision-making power with respect to fire suppression unless that role is delegated to him by the Incident Commander and that, pursuant to the NIIMS-ICS, it was his duty to report to either the Incident Commander or operations officer upon his arrival at a fire. Waters further testified, however, that he did not speak to anyone upon arriving at the scene of the fire and instead decided to take a "quick look" at the fire. Waters then stated to decedent and his fellow firefighters, "We're going to have to get a line in here." While one of the firefighters testified at his deposition that Waters never indicated to him where in the house he wanted the firefighters to position themselves, that testimony merely raises an issue of fact whether Waters gave an order in violation of the NIIMS-ICS. Further, Waters testified at his deposition that command officers and chiefs wear white hats at the scene of a fire and, although Waters testified that he was wearing a black hat on the night of the fire, other firefighters testified that he was wearing a white hat, thereby signifying that he had command responsibilities. We thus conclude that defendants are not entitled to summary judgment dismissing the General Municipal Law § 205-a cause of action. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.