# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1013**
**CA 12-00556**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

PHILIP F. HANLON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL D. HEALY, DEFENDANT-APPELLANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (ELIZABETH A. OLLINICK OF COUNSEL), FOR DEFENDANT-APPELLANT.

FESSENDEN, LAUMER & DEANGELO, JAMESTOWN (MARY B. SCHILLER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered September 22, 2011 in a personal injury action. The order granted the motion of plaintiff for partial summary judgment on the issue of liability.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when he fell from a roof while fighting a fire at defendant's property in the City of Jamestown. Defendant appeals from an order granting plaintiff's motion for partial summary judgment on the issue of liability. We agree with defendant that Supreme Court erred in granting the motion.

Plaintiff seeks to recover damages pursuant to, inter alia, General Municipal Law § 205-a, which is a legislative abrogation of the common-law "firefighter's rule" that formerly barred firefighters from recovering in negligence for injuries sustained in the performance of their duties (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 79). To meet his burden of establishing his entitlement to summary judgment on the General Municipal Law § 205-a cause of action, plaintiff was required to "identify the statute or ordinance with which the defendant failed to comply, describe the manner in which the firefighter was injured, and [establish] those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm to the firefighter" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 441; *see Kenavan v City of New York*, 267 AD2d 353, 355, *lv denied* 95 NY2d 756). Inasmuch as "the Legislature intended to broaden a firefighter's cause of action under section 205-a to encompass situations where the alleged violation was not the

'direct' cause of the injuries" (*Giuffrida*, 100 NY2d at 80), plaintiff was required to establish only a " 'practical or reasonable connection' " between the violation of the ordinance and the injury he sustained (*Mullen v Zoebe, Inc*., 86 NY2d 135, 142; *see Zanghi*, 85 NY2d at 441; *Donna Prince L. v Waters*, 48 AD3d 1137, 1139).

Here, plaintiff alleges that defendant violated four sections of the National Fire Prevention Association (NFPA) Fire Code, as adopted in the NFPA Life Safety Code §§ 2.1, 2.2, that are applicable to defendant's property pursuant to Jamestown City Code § 140-2. Those NFPA Fire Code sections prohibit connecting an ungrounded extension cord to a grounded appliance (§ 11.1.7.4), running an extension cord under a door (§ 11.1.7.5), using a damaged extension cord (§ 11.1.7.3), and connecting the extension cord to an appliance that exceeds the maximum amperage for that extension cord (§ 11.1.7.2). We agree with defendant that plaintiff failed to meet his burden with respect to two of the four sections, i.e., section 11.1.7.4 because plaintiff failed to establish that the space heater that allegedly caused the fire was a grounded appliance, and section 11.1.7.5 because he failed to establish that running the cord under the door caused the fire to occur. Even assuming, arguendo, that plaintiff met his initial burden with respect to the four Fire Code sections, we conclude that defendant raised a triable issue of fact whether there is a " 'practical or reasonable connection' " between those Fire Code violations and plaintiff's injury (*Mullen*, 86 NY2d at 142).

We have considered defendant's remaining contentions and conclude that they are without merit, or are academic in light of our determination.

Entered: September 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court