■ BRITTNEY NEJAME, Appellant, v HONDA MOTOR CORP., LTD., et al., Defendants, and EILEEN CONNOLLY et al., Respondents. [15 NYS3d 476]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 5, 2013, as granted that branch of the motion of the defendants Eileen Connolly and Andrew S. Connolly which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Eileen Connolly and Andrew S. Connolly which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The defendants Eileen Connolly and Andrew S. Connolly (hereinafter together the Connollys) failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The evidence submitted in support of the motion, which included the deposition testimony of both the plaintiff and the defendant driver Eileen Connolly, provided sharply conflicting accounts as to how and why the accident occurred. These submissions raise triable issues of fact, inter alia, as to whether Eileen Connolly was negligent in the operation of her vehicle, and whether any negligence on her part was a proximate cause of the accident (*see Lorentz v Ruiz*, 129 AD3d 795 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 710 [2015]; *Bonaventura v Galpin*, 119 AD3d 625 [2014]; *Meehan v Doctor's Off. Med. Group*, 270 AD2d 468 [2000]), as well as to whether Eileen Connolly was faced with an emergency situation not of her own making, and, if so, whether she acted reasonably in the context of that emergency (*see Mohr v Carlson*, 120 AD3d 1206, 1207-1208 [2014]; *Hill v Cash*, 117 AD3d 1423 [2014]; *Williams v City of New York*, 88 AD3d 989, 990 [2011]). In light of the Connollys' failure to meet their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied that branch of the Connollys' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.