UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand sixteen.

PRESENT:

ROBERT A. KATZMANN,
*Chief Judge*,
RALPH K. WINTER,
*Circuit Judge*,
SIDNEY H. STEIN,
*District Judge*.*

_____

IN RE: LEHR CONSTRUCTION CORP.,

*Debtor*.

_____

JONATHAN L. FLAXER, not individually
but solely in his capacity as Chapter 11 trustee
for Lehr Construction Corp.,

*Appellant*,

v.                                                                              No. 16-350

_____

* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

1

PETER GIFFORD,

*Appellee*.

---

| | |
|---|---|
| For Appellant: | MICHAEL S. DEVORKIN (Daniel N. Zinman, *on the brief*), Golenbock Eiseman Assor Bell & Peskoe LLP, New York, NY. |
| For Appellee: | JOSEPH ARONAUER, Aronauer & Yudell, LLP, New York, NY. |
| For Amicus Curiae National Association of Bankruptcy Trustees: | J. Maxwell Beatty and Richard I. Janvey (Adam L. Rosen and Sheryl P. Giugliano, *on the brief*), Diamond McCarthy LLP, New York, NY; Ronald R. Peterson, Jenner & Block LLP, Chicago, IL (*on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jonathan Flaxer, in his capacity as Chapter 11 trustee (the "Trustee") of Lehr Construction Corp. ("Lehr"), appeals from a judgment of the district court, which affirmed an order of the U.S. Bankruptcy Court for the Southern District of New York granting appellee Peter Gifford's motion to dismiss the Trustee's faithless servant claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 2010, the Manhattan District Attorney's Office discovered that Lehr was systematically overbilling its clients. Public disclosure of the investigation led Lehr to file for Chapter 11 bankruptcy in February 2011. In May 2011, a grand jury indicted Lehr and several of its employees, and Lehr was subsequently convicted on thirteen counts, including enterprise

2

corruption, a scheme to defraud, and grand larceny. Gifford was not indicted, though he entered into a cooperation agreement with the Manhattan District Attorney's Office. In February 2013, the Trustee brought a faithless servant claim against Gifford under New York common law, seeking to disgorge more than $1.2 million in compensation and legal fees based on Gifford's participation in the fraud. Gifford filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), asserting, *inter alia*, the affirmative defense of *in pari delicto*. The bankruptcy court granted the motion on the basis that the Trustee was *in pari delicto* with Gifford. The district court affirmed on the same ground.

On appeal, the Trustee contends that an employee may not impute his conduct to his principal to defend against the principal's claims and thus may not assert *in pari delicto* as a defense against his employer. Instead, according to the Trustee, only third parties may invoke principles of imputation and the defense of *in pari delicto* to defend against claims brought by a principal. To hold otherwise, the Trustee contends, would be irreconcilable with New York's faithless servant doctrine, which entitles a principal to disgorge a disloyal agent's compensation regardless of whether the agent's "services were beneficial to the principal." *Feiger v. Iral Jewelry, Ltd.*, 363 N.E.2d 350, 351 (N.Y. 1977); *see also Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003).

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). We review the grant of a motion for judgment on the pleadings made pursuant to Rule 12(c) de novo, "accept[ing] all factual allegations in the complaint as true and draw[ing] all

3

reasonable inferences in plaintiff's favor." *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013).

The Court may consider affirmative defenses on the basis of the pleadings, so long as "the defense appears on the face of the complaint." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation mark omitted).[1]

The Trustee's argument that *in pari delicto* and imputation arise only in the context of a principal's claim against a third party is belied by New York law. As the New York Court of Appeals recently emphasized, "a fundamental principle that has informed the law of agency and corporations for centuries" is that "the acts of agents . . . are presumptively imputed to their principals." *Kirschner v. KPMG LLP*, 938 N.E.2d 941, 950 (N.Y. 2010). "[A]ll corporate acts — including fraudulent ones — are subject to the presumption of imputation." *Id.* at 951. A narrow exception to the presumption of imputation is the adverse interest exception, "where the corporation is actually the victim of a scheme undertaken by the agent to benefit himself or a third party personally, which is therefore entirely opposed (i.e., 'adverse') to the corporation's own interests." *Id.* at 952. "Fraud on behalf of a corporation is not the same thing as fraud against it, and when insiders defraud third parties *for* the corporation, the adverse interest exception is not pertinent." *Id.* (internal quotation marks and citation omitted). Moreover, the defense of *in pari delicto*, which "mandates that the courts will not intercede to resolve a dispute between two wrongdoers," "applies even in difficult cases and should not be 'weakened by exceptions.'" *Id.* at 950 (quoting *McConnell v. Commonwealth Pictures Corp.*, 166 N.E.2d 494, 497 (N.Y. 1960)).

---

[1] In deciding the Rule 12(c) motion, the bankruptcy court took judicial notice of documents relating to the underlying criminal proceedings against Lehr and its employees. The Trustee does not argue that these documents were not properly before the courts below.

While *Kirschner* involved claims against third parties, we are not free to disregard the breadth of the New York Court of Appeals' language, nor its stated intent to "remove any lingering confusion" regarding the principles of *in pari delicto* and imputation "to the extent [its] law had become ambiguous." *Id.* at 959. Moreover, contrary to the Trustee's position, New York courts applying *Kirschner* have dismissed employers' claims against their employees on the basis of an *in pari delicto* defense. *See Teneyck, Inc. v. Rosenberg*, 957 N.Y.S.2d 845, 847–48 (N.Y. Sup. Ct. 2013), *aff'd*, 975 N.Y.S.2d 335 (1st Dep't 2013); *Mosionzhnik v. Chowaiki*, 972 N.Y.S.2d 841, 847–48 (N.Y. Sup. Ct. 2013).[2] Accordingly, we reject the Trustee's contention that employees are categorically barred from asserting an *in pari delicto* defense against their employers.[3] Nor does the adverse interest exception avail the Trustee, because the fraud in which Gifford participated was committed on behalf of Lehr and not against it. *See Kirschner*, 938 N.E.2d at 952.

As for the Trustee's contention that allowing an employee to assert an *in pari delicto* defense against his employer inherently conflicts with the faithless servant doctrine, such conflict would appear to arise only where the basis for the *in pari delicto* defense is the imputation of the

---

[2] The Trustee filed a motion requesting that the Court take judicial notice of the briefs filed in *Teneyck* and another case for purposes of verifying the Trustee's contention that certain arguments were not raised in those cases. Though Gifford opposes the Trustee's motion, he does not dispute that those arguments were not raised in those cases. Because the point is undisputed, we deny the motion as moot.

[3] The Trustee's position on the application of imputation is drawn from §§ 5.03 and 5.04 of the Restatement (Third) of Agency. *See* Restatement (Third) Of Agency §§ 5.03–04 (2006). But we are bound in this case to apply the law of New York, not the law of the Restatement. The Trustee, in his reply brief, cites *Brown v. Poritzky*, 283 N.E.2d 751 (N.Y. 1972), *overruled on other grounds*, *Lusenskas v. Axelrod*, 614 N.E.2d 729 (N.Y. 1993), for the proposition that "[w]hen the agent is a defendant in a suit brought by his principal, the agent cannot impute his negligence to the principal." *Id.* at 753. *Brown* is readily distinguishable from the instant circumstances, however, because it was concerned with the imputation of negligent conduct — not intentional wrongdoing — and because it did not involve a defense of *in pari delicto*.

defendant's misconduct. That is not the case here where the basis for the *in pari delicto* defense was Lehr's conviction on thirteen felony counts for a scheme that was overseen by Gifford's superiors — including several Lehr officers and department heads — and for which Gifford was not convicted. *Cf. Teneyck, Inc.*, 957 N.Y.S.2d at 848 (applying *in pari delicto* defense to faithless servant claim where the plaintiff corporation had been convicted of the same crime for which it sought to hold the defendant-agent accountable). Thus, we need not resolve under which circumstances, if any, an employee may assert an *in pari delicto* defense against his employer when the defense is based solely on imputation of his own misconduct.

The Trustee also appears to rely on federal bankruptcy law for the proposition that there is an "insider" exception to an *in pari delicto* defense. But even assuming that New York courts recognize or would recognize the federal exception — a question we do not resolve — it would not apply here because Gifford was not an "insider" of Lehr in the relevant sense. *See, e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 123 (Bankr. S.D.N.Y. 2011) ("[I]t is well established that the . . . *in pari delicto* rules do not apply to actions of fiduciaries who are insiders in the sense that they either are on the board or in management, *or in some other way control the corporation.*" (internal quotation marks omitted)).

Finally, the courts below committed no error in denying Lehr leave to amend. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be futile." (internal quotation marks and alteration omitted)). Though

Lehr contends that it could plead facts showing that it was less culpable than Gifford — such that *in pari delicto* would not apply — any such argument would fail on the facts of this case.[4]

We have considered the Trustee's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] In light of the foregoing analysis, certification to the New York Court of Appeals, as the Trustee requests in the alternative, is not warranted in this case.